*C. E. Adams,* contra.

---

### 14853.   McCLUSKEY *v.* STILL.

STEPHENS, J.   1. Although it may be a custom for running accounts to fall due and become payable on January 1 following (Civil Code of 1910, § 3435), yet, for the purpose of foreclosing a lien arising out of such an account, the account will be regarded as falling due upon "the delivery of the last item constituting a part of the running account covered by the contract." Park's Code (1914), § 3353 (2 *a*) ; *Dunning* v. *Stovall,* 30 *Ga.* 444; *Calhoun Brick Co.* v. *Pattillo Lumber Co.,* 10 *Ga. App.* 181 (2) (73 S. E. 23).   A lien cannot be asserted in a suit brought on a running account more than twelve months after the delivery of the last item constituting a part of the running account upon August 27, although the suit is brought within twelve months after the first of January following, from which date, under the custom, the account begins to draw interest.

2. This being a suit to recover for materials alleged to have been furnished to the defendant and used to improve the defendant's real estate, and

41

to foreclose a materialman's lien thereon, and there being evidence authorizing the inference that the defendant admitted the indebtedness after the materials had been used, that the defendant ordered some of the materials over the telephone, that some of the materials had been ordered by the defendant's husband, that some of the materials had been hauled by the defendant's teams, and that the defendant's husband, in ordering the materials, was the defendant's agent, the general verdict for the plaintiff, finding the defendant liable, was authorized.

3. It appearing that the lien was recorded as required by law, within three months after the furnishing of the material (Civil Code of 1910, § 3353), but it appearing that the suit was not filed within twelve months from the maturing of the contract, under the ruling in paragraph 1 above, the verdict, in so far as it establishes a lien upon the defendant's property, is unauthorized.

4. The plaintiff having alleged in his petition that the contract was completed on August 27, 1920 (which allegation was not stricken by amendment), and it appearing, from the evidence, that the contract sued on was a running account, under which the last item furnished was on said date, it was error prejudicial to the defendant for the court, over proper objection, to admit in evidence testimony of the plaintiff to the effect that the suit was instituted within twelve months from the time it was due, and that he did not consider an account past due until after the first of January.

5. The court, in the excerpts from the charge excepted to in the motion for a new trial, charged consistently with the rulings laid down in paragraph 1.

6. The request to charge set out in ground number 4 of the motion for a new trial, which is a copy of headnote two of the case of *Porter* v. *Terrell*, 2 *Ga. App.* 269 (58 S. E. 493), was not adjusted to any theory of the evidence, and therefore was properly refused. It appears, from every theory of the evidence, that there was more than proof of a mere relationship of husband and wife and the improvement of her real estate with the material furnished.

7. Exceptions to the rejection of an amendment offered by the defendant to her plea, and to the refusal of the court to direct a verdict for the defendant, are not proper grounds of a motion for a new trial.

8. Applying the rulings in paragraphs 3 and 4, the verdict as found for the plaintiff, establishing a lien upon the defendant's property, being unauthorized, a new trial is hereby granted. But since the verdict, in so far as it finds generally for the plaintiff in a certain amount, is authorized, and there was no error of law affecting it, direction is hereby given that should the plaintiff, before or at the time when the remittitur of this court is made the judgment of the court below, write off from the verdict and judgment all that part establishing a lien in behalf of the plaintiff upon the defendant's property, the judgment will stand affirmed.

*Judgment affirmed on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1924.

Lien foreclosure; from Rockdale superior court—Judge Hutcheson. May 26, 1923.

*J. H. McCalla,* for plaintiff in error.