32557. COWART *et al.* v. REEVES *et al.*

162

DECIDED OCTOBER 18, 1949.

*Gambrell, Harlan & Barwick, James C. Hill,* for plaintiffs in error.

*Gordon M. Combs, Gordon B. Gann,* contra.

GARDNER, J. ■ So far as the general grounds are concerned, as above stated, under the evidence the jury were authorized to find, but not required by the evidence to find, that the defendants Cowart personally obligated themselves to become personally responsible for the material and labor furnished in the

construction of the building or buildings on the premises in question. So we are not here concerned with that issue, since the jury found adversely to the plaintiffs as a question of fact. Further regarding the general grounds, the record reveals that Helen Walter and Robert L. Cowart married during the litigation and that they as partners entered into a contract with the contractors to have the improvements made. It is contended by counsel for the defendants Cowart that the verdict establishing a lien against the property for improvements is without evidence and law to sustain it, for the reason that the contractors were not concurrently sued with the owner of the real property within twelve months from the furnishing of the material and labor for the construction of such improvements. In this connection counsel for the defendants Cowart call our attention to the case of *Green v. Farrar Lumber Co.*, 119 *Ga.* 30 (46 S. E. 62), wherein the Supreme Court said: "It is well settled that laws giving to a creditor a lien upon the property of his debtor, being in derogation of common law, are to be strictly construed against the creditor and liberally in favor of the debtor. If there are degrees of strict construction, certainly an act of the General Assembly which has for its purpose the giving of a lien upon property of one in favor of the creditor of another should be dealt with according to the strictest rules of strict construction." It is well established that the statute with reference to establishing liens against real estate for improvements made must be strictly construed. Code § 67-2002 reads: "To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz.:

"1. A substantial compliance by the party claiming the lien with his contract for building, repairing, or improving, or for materials or machinery furnished or set up, as set forth in said section.

"2. The recording of his claim of lien within three months after the completion of the work, or within three months after such material or machinery is furnished, in the office of the clerk of the superior court of the county where such property is situated, which claim shall be in substance as follows: . .

"3. The commencement of an action for the recovery of the

amount of his claim within twelve months from the time the same shall become due.

"As between themselves, the liens provided for in said section shall rank according to date, but all of the liens herein mentioned for repairs, building, or furnishing materials, upon the same property, shall, as to each other be of the same date when declared and recorded within three months after the work is done, or before that time.

"Said liens specified in section 67-2001 shall be inferior to liens for taxes, to the general and special liens of laborers, to the general lien of landlords for rent when a distress warrant is sued out and levied, to claims for purchase money due persons who have only given bonds for titles, and to other general liens, when actual notice of such general lien of landlords and others has been communicated before the work was done or materials furnished; but the said liens provided for in said section shall be superior to all other liens not herein excepted."

We are not here concerned with subdivisions one and two, for it would seem that the evidence supporting those two was resolved in favor of the verdict on questions of fact by the jury and there is no substantial contention as to those two. Under the general law as set forth in the Code section above quoted, it was essential to the establishment of a lien that the suit be commenced against the contractor within twelve months from the time the debt became due and that the commencement of a suit against the contractor within twelve months was just as essential to the establishment of a lien as any other of the requirements of the said Code section. *Buck* v. *Tifton Manufacturing Company*, 4 *Ga. App.* 695 (62 S. E. 107); *Southern Ry. Co.* v. *Crawford*, 46 *Ga. App.* 424 (167 S. E. 756), affirmed on certiorari, 178 *Ga.* 450 (173 S. E. 91); *Chamlee Lumber Co.* v. *Crichton*, 136 *Ga.* 391 (71 S. E. 673); *Smith* v. *Walker*, 194 *Ga.* 586 (22 S. E. 2d, 160). While such is the general law, the General Assembly in 1941 amended Code § 67-2002 (3). The amendment reads as follows: "In the event any contractor procuring material, labor or supplies for building, repairing or improving any real estate, building, or other structure shall abscond or remove from the State within twelve months from the date such labor, supplies or materials are furnished him, so that personal jurisdiction can-

not be obtained of said contractor in a suit for said material, labor or supplies, or if, after the filing of suit against such contractor, no final judgment can be obtained against him for the value of such material, labor or supplies, by reason of the bankruptcy of said contractor and his subsequent discharge from civil liabilities, then and in any of said events, the person or persons so furnishing material, labor, or supplies shall be relieved of the necessity of obtaining judgment against such contractor . . and may, subject to the provision of section 67-2001, enforce said lien directly against . . the owner thereof, but with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of said property: Provided, that in such action for recovery, the owner of the real estate improved, who has paid the agreed price, or any part of same, may set up such payment in any action brought, and prove by competent and relevant evidence that such payments were applied as provided by law, and no judgment shall be rendered against the property improved." This amendment, it would seem, made an exception to the general rule. The question then to be considered is whether, under the facts of the instant case, the proceedings were sufficient to establish the lien. The provisions of this amendment, insofar as we have been able to discover and insofar as counsel have called to our attention, has never been interpreted by the appellate courts of this State. Distinguished counsel for the defendants Cowart state that when the amendment of 1941 is read in the light of common-law principles, it is radical in its departure from the usual protection afforded an owner of property. He argues that under the very limited circumstances described, a materialman can bring a claim alleging an outstanding debt, and without ever having to prove the existence of the debt in an action against the debtor contractor he can subject the owner's property to its payment. Of course it is not for this court to pass upon the wisdom of an act of the General Assembly. The province of this court is to construe the act of the General Assembly in an effort to discover its intent.

We are urged to interpret the act of 1941 to the effect that the word "remove" as used in the act means to remove one's residence. In other words, it is contended that the provisions of

the amendment apply only to contractors who reside in the State of Georgia at the time improvements are made, and who thereafter remove their residence beyond the limits of the State. It is contended that unless this construction is placed upon the statute a contractor, say in Columbus, Georgia, would find himself discriminated against in favor of a contractor in Phoenix City, Alabama. Counsel call our attention to the interpretation of the word "remove" to be found on page 2108 of Webster's New International Dictionary, 2nd Ed., and contend that as used in the act, "remove" is used in the intransitive and that the first definition of the verb in the intransitive indicates that such a use would refer especially to a change in residence, "as to remove from Fifth Avenue or to the country." Even should we interpret the word "remove" as used in the statute in the intransitive, we do not think the interpretation necessarily means a change of residence. The same authority in further defining the word "remove" states: "Remove, v. t. Removed, removing. 1. To move away from the position occupied; to cause to change place; to displace; shift, as, to remove a building to another site; to remove a cause from one court to another. 'Thou shalt not remove thy neighbor's landmark. Deut. xix 14.'" It is our opinion that the word "remove" as used in this statute was for the contractor to remove from the place where the work was being done to a place beyond the jurisdiction of the court. Under the facts of this case the contractors, after completing the work, removed beyond the jurisdiction of the court. It might be that an owner of property would contract with one who had no permanent residence. He might be a transient and we think it was the intention of the General Assembly that when an owner of property entered into a contract with contractors to improve the real estate of the owner, that the owner of the real estate would have the responsibility of contracting with reliable contractors for such improvements and if such owner failed to do so and the contractors could not be served because they were beyond the jurisdiction of the court that it would not be necessary to do the impossible and sue such contractors within twelve months before subjecting the property improved to a lien for the amount of such improvements. Thus, insofar as the general grounds are concerned, the judgment establishing the lien against

the real estate in question is sustained by the evidence and the law. What we have said above with reference to the general grounds is also applicable to special grounds 1 and 2. It is contended in special ground 1 that the court charged the provisions of the amendment of 1941 and that such was an illegal charge, under the facts of this case; and in special ground 2 the court instructed the jury that if the evidence was sufficient they would be authorized to find against the defendants Cowart. It is conceded by counsel for the defendants Cowart that the same principles of law as involved in the general grounds, under the evidence in this case, are involved in special grounds 1 and 2.

■ Special ground 3 assigns error because the court charged the jury that whatever principal amount they found, if any, as a lien against the property of the defendants Cowart, they should also find interest at the rate of seven percent per annum on such principal amount, if any, from the date the principal debt became due. The jury found the amount sued for and also interest from the time the debt became due at the rate of seven percent. It is contended that this was not a liquidated claim insofar as the owner of the real estate was concerned. We think this is correct, under the facts of this case. The defendants Cowart contested the valid amount of the plaintiff's claim, and contested the existence of a lien against the property of the defendants Cowart. The amount became liquidated only after judgment. The judgment was taken for the principal amount and interest from the date it was alleged the principal amount became due. The debt should not bear interest until after the rendition of the judgment. See, in this connection, *Benton* v. *Roberts*, 41 *Ga. App.* 189 (152 S. E. 141); *Lincoln Lumber Co.* v. *Keeter*, 167 *Ga.* 231 (145 S. E. 68); *Firemen's Insurance Co.* v. *Oliver*, 53 *Ga. App.* 638 (186 S. E. 706). This special ground is meritorious and the judgment is reversed on this ground unless the plaintiff does, within ten days from the receipt of the remittitur from this court to the court below, write off the amount of such interest accordingly.

■ Special ground 4 assigns error on the ground that the court improperly allowed the case to go to the jury authorizing the jury to find in favor of a lien, without Dr. Hyde having been served and made a party, for that the evidence showed con-

clusively that the legal title to the land involved had been transferred to Dr. R. P. Hyde, prior to the performance of the work, by the defendant Mrs. Cowart, for a debt which she owed Dr. Hyde. In support of this contention counsel for the defendants Cowart cite and rely upon the cases of *Williams* v. *Chatham Real Estate & Improvement Co.*, 13 *Ga. App.* 42, 46 (78 S. E. 869); *Rutland Contracting Co.* v. *Sallie E. Gay Estate,* 193 *Ga.* 468 (18 S. E. 2d, 835), and In re Atkinson-Kerce Grocery Company, 245 Fed. 481. The facts in those cases differentiate themselves from the facts in the instant case. It would seem from those cases that the interest of the holder of the legal title, the grantee in the security deed, was sought to be invaded. Not so in the instant case. It is undisputed by either party that Dr. Hyde held a security deed to the land in question made prior to the alleged improvements. Dr. Hyde was not served, did not appear and never became a party to the suit. The only answers to the petition were those of the defendants Cowart, who were represented by Gambrell, Harlan and Barwick, and James C. Hill and James S. Wilson Jr., and the defendant J. R. Pickelsimer, who filed an answer on behalf of himself and Carl E. Arp. The bill of exceptions in this case names Helen Walter Cowart and Robert L. Cowart as plaintiffs in error and Reeves Electric Company, a partnership, as defendants in error. The attorneys signing the bill of exceptions on behalf of the plaintiffs in error (the Cowarts whom we have chosen to call, for convenience, throughout this opinion, the defendants Cowart), are Gambrell, Harlan and Barwick, and James C. Hill. It will thus be seen that Dr. Hyde was not a party in the court below and is not a party here, although his interest in the real estate was alleged in the petition. Pickelsimer was a party in the court below, but is not represented here in any capacity. There was no objection of any sort made to the case proceeding without Dr. Hyde being made a party in the court below. The first time we hear of any objections to his not having been made a party in the court below is in the motion for a new trial. The interest of Dr. Hyde, under his security deed, can not be affected, as we understand the law, by this proceeding. In the case of *Williams* v. *Chatham Real Estate & Improvement Co.,* supra, this court said:

"Where a contract for the improvement of real estate is made with one who has executed a conveyance of the land to another as security for a debt, and the holder of the security deed agrees to the contract, the latter is a proper party to the foreclosure of a lien of the contractor for the improvements, and the lien binds his interest in the property." This seems to us to be the law applicable to cases of this nature. There is no evidence to support the contention that Dr. Hyde consented to the contract for improvements and moreover, there is no contention on the part of counsel for the plaintiffs (in the court below) that the judgment establishing the lien in their favor against the real estate involved does in any way affect the interest of Dr. Hyde. To the contrary, any such contention is disclaimed and as proof of the good faith of such contentions of the plaintiffs (in the court below) it is suggested by counsel for such plaintiffs, in whose favor the judgment establishing the lien was rendered, that this court order that the judgment lien be amended accordingly, thus making the judgment establishing the lien in favor of the plantiffs subject to the security deed of Dr. Hyde. It is therefore ordered that within ten days from the receipt in the court below of the remittitur from this court, the judgment lien in favor of the plaintiffs (in the court below) be so amended so as to make the judgment lien against the property in question subject to the interest of Dr. Hyde. In doing this we do not concede that such is necessary, but to settle any doubt about it, it is so ordered. This action can not be prejudicial to the defendants Cowart. They admit owing Dr. Hyde in accordance with his security deed, and the judgment based on the jury verdict establishes that the defendants Cowart owe the amount of the lien also.

■ There is one other question which is extensively argued by counsel for both parties to the bill of exceptions. The attorneys for the plaintiffs in error here, the defendants Cowart, contend that since the personal service on the contractors by serving Pickelsimer was more than twelve months from the time the debt for the improvements made became due, that the commencement of the suit could not be considered filed within twelve months. It is contended that this is true, even though the suit was filed in the clerk's office within twelve months. It

is contended that the contractors being non-residents of the State, and out of the jurisdiction of the court at the time the suit was filed on December 7, 1947, that the order of the trial court that the contractors be served (and one of whom was personally served on October 30, 1948), could not relate back to the date of the filing of the suit to bring it within the twelve-months period in which the suit must be commenced against the contractor under the general law. Counsel for the defendants in error (plaintiffs in the court below) contend that it would so relate back. Many decisions are cited by both parties as to this principle. However, as we view the case, it is unnecessary for us to enter into a discussion of these contentions or to call attention to the authorities cited for either side. We make this statement on the basis of our interpretation of the exception to the general rule as set forth in the amendment of the General Assembly of March 27, 1941, to Code § 67-2002 (3) to the effect that if a contractor procuring labor, etc., shall abscond or remove from the State within twelve months from the date such labor, etc., is procured, so that no personal service can be obtained of such contractor in a suit for said materials, labor, etc., "the person or persons so furnishing the material, labor or supplies shall be relieved of the necessity of obtaining judgment against such contractor as a prerequisite to enforcing a lien against the property improved by said contractor . . . " The petition alleged, among other things, that at the time the suit was filed on December 7, 1947, the contractors were then non-residents. The evidence sustains this allegation. This being true, under our interpretation of the statute dealt with in the first division of this opinion, the contractors had placed themselves in such a position that personal jurisdiction could not be obtained of them. Therefore, the materialman had a right to enter his suit, under said amendment, on December 7, 1947, under the record of this case. The materialman would not have to forego his procedural remedy under the said amendment, and wait until near the expiration of the twelve-months period to determine whether or not the contractors would return to the jurisdiction of the court. It would seem that the validity of the order and the commencement of the suit against the contractor is immaterial, under

the record in this case, since the case was timely filed and since at the time of the filing of the case the contractors were non-residents and without the jurisdiction of the court, and the provisions of the amendment to Code § 67-2002 (3) afford no right of complaint for the defendants Cowart. This is true even though the contractors (or one of them) returned to the jurisdiction of the court sometime thereafter. However, we might state here that one of the contractors was served, as above stated, and answered for himself and the other member of the partnership. While he is not represented here, as above stated, in the bill of exceptions, nevertheless the jury returned a verdict against him (Pickelsimer) for the same amount of the lien in favor of the defendants Cowart and, as stated above, we do not consider that the defendants Cowart are in a position to complain.

*Judgment affirmed with directions to be complied with within 10 days from the receipt of the remittitur in the court below, otherwise reversed. MacIntyre, P. J., and Townsend, J., concur.*