36526.   VICTORY LUMBER COMPANY *v.* ELLISON.

DECIDED JANUARY 24, 1957—REHEARING DENIED
FEBRUARY 12, 1957.

*Gilbert E. Johnson, James E. McAleer,* for plaintiff in error.
*Owen H. Page, Jr., Charles L. Sparkman,* contra.

QUILLIAN, J. Prior to the passage of the amendments of 1941 and 1952 to Code § 67-2002 (3) it was, without exception, a condition precedent to the enforcement of a materialman's lien against the property of the owner, for materials furnished a contractor, that the plaintiff obtain a valid judgment against the contractor for the price of the materials. *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32); *Lombard* v. *Trustees of Young Men's Library Assn. Fund,* 73 *Ga.* 322; *Pike Brothers Lumber Co.* v. *Mitchell,* 132 *Ga.* 675 (64 S. E. 998, 26 L. R. A. (NS) 409); *Rome Brick Co.* v. *West,* 134 *Ga.* 65 (67 S. E. 400); *Philip Carey Mfg. Co.* v. *Viaduct Place,* 1 *Ga. App.* 707 (58 S. E. 274); *Buck* v. *Tifton Mfg. Co.,* 4 *Ga. App.* 695 (62 S. E. 107); *Griffin Bros.* v. *Gainesville Iron Works,* 144 *Ga.* 840 (88 S. E. 201). Under these decisions if the contractor had been adjudged a bankrupt, so that no judgment in personam could be had against him, the liability of the contractor was annulled and the materialman's lien could not thereafter be foreclosed against the property of the owner. *Ricks* v. *Smith,* 20 *Ga. App.* 491 (1, 2) (93 S. E. 116); *Middle Georgia Lumber Co.* v. *Hunt,* 53 *Ga. App.* 578, 582 (186 S. E. 714); *Pike Bros. Lumber Co.* v. *Mitchell,* 132 *Ga.* 675, supra; *Philip Carey Mfg. Co.* v. *Viaduct Place,* 1 *Ga. App.* 707 (4), supra.

In 1941 and 1952, Code § 67-2002 (3) was amended to read: "The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due.

"In the event any contractor procuring material, architect's services, labor or supplies for building, repairing or improving

any real estate, building or other structure shall abscond or die or remove from the State within 12 months from the date such services, labor, supplies or materials are furnished him, so that personal jurisdiction cannot be obtained on said contractor in a suit for said services, material, labor or supplies, or if, after the filing of suit against such contractor, no final judgment can be obtained against him for the value of such material, services, labor or supplies, by reason of the bankruptcy of said contractor and his subsequent discharge from civil liabilities, or by reason of his death, then and in any of said events, the person or persons so furnishing material, services, labor and supplies shall be relieved of the necessity of obtaining judgment against such contractor as a prerequisite to enforcing a lien against the property improved by said contractor, and may, subject to the provision of § 67-2001 enforce said lien directly against the property so improved, in an action against the owner thereof, but with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of said property: Provided, that in such action for recovery, the owner of the real estate improved, who has paid the agreed price, or any part of same may set up such payment in any action brought, and prove by competent and relevant evidence that such payments were applied as provided by law, and no judgment shall be rendered against the property improved."

The amendments made an exception to the general rule that a judgment must first be obtained against the contractor and provided that if ". . . after the filing of suit against such contractor, no final judgment can be obtained against him for the value of such material, services, labor or supplies, by reason of the bankruptcy of said contractor and his subsequent discharge from civil liabilities . . ." the plaintiff would be relieved of the necessity of obtaining a judgment aganist such contractor. The amendments did not, however, relieve the plaintiff of the necessity of filing suit against the contractor. Therefore, as in the present case, if no suit has been filed against the contractor prior to his bankruptcy and discharge from civil liabilities, the lien cannot be foreclosed against the property of the owner, be-

cause it would not fall within the exception stated in Code § 67-2002 (3).

This holding is in conflict with statements in *Chandler* v. *Pennington*, 89 *Ga. App.* 676 (3) (80 S. E. 2d 843) and *Bryant* v. *Jones*, 90 *Ga. App.* 314 (1) (83 S. E. 2d 46). In those cases it is stated that it is not a condition precedent to the enforcement of the lien against the property of the owner that a suit be commenced against the contractor where the contractor has become a bankrupt within 12 months of the due date of the account. These statements are obiter and as such establish no binding legal precedent.

The judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed.* *Felton, C. J., and Nichols, J., concur.*