41575. CHAMBERS LUMBER COMPANY v. MARTIN et al.

FRANKUM, Judge. Where material has been furnished to a contractor or subcontractor for the improvement of real estate, in a suit against the owner to foreclose a materialman's lien on such real estate the plaintiff must allege, in addition to other essentials, that he has brought a suit against the contractor or subcontractor, as the case may be, to whom the material was furnished, and, unless the case is one within the exceptions enumerated under *Code* § 67-2002, as amended, that a judgment against such contractor has been obtained. *Victory Lumber Co. v. Ellison,* 95 Ga. App. 105 (97 SE2d 334). This case is controlled by the case cited, and that case requires that the judgment of the trial court granting a summary judgment to the defendant be affirmed upon the principles therein announced. This is so notwithstanding the provisions of the Act approved February 11, 1960 (Ga. L. 1960, p. 103). While the caption of that Act might be said to indicate a legislative intent to effect a change in the law, as announced in the *Victory Lumber Co.* case, supra, and to relieve the lienholder from the necessity of filing suit against a bankrupt contractor to whom he has furnished material, the language contained in the body of the Act is plain and unambiguous and merely relieves the lienholder of the duty of obtaining a judgment against such contractor. It is fundamental that the preamble or caption of a legislative Act is no part thereof and may be resorted to for the purpose of ascertaining legislative intent only where the body of the Act itself is ambiguous or obscure. *Eastman v. McAlpin,* 1 Ga. 157, 171; *Bentley v. State Bd. of Examiners,* 152 Ga. 836, 838 (2) (111 SE 379). This is not the situation in this case.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED OCTOBER 6, 1965—DECIDED DECEMBER 3, 1965.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr., Telford, Wayne & Greer, Joe K. Telford,* for appellant.

*Joseph H. Blackshear, Kenyon & Gunter, William B. Gunter,* for appellees.