43298. TAYLOR et al. v. MATEER & COMPANY, INC. et al.

Argued January 8, 1968—Decided April 2, 1968.

*John Hollis Allen, Olin Rambo,* for appellants.

*Northcutt & Edwards, Don E. Germano,* for appellees.

FELTON, Chief Judge. In these actions to foreclose material-men's liens on real estate, it was essential that the plaintiffs show that they have brought suit against the contractor to whom the material and services were furnished, unless the cases are those within the exceptions enumerated under *Code* § 67-2002, as amended (Ga. L. 1960, p. 103, amending Sec. 3), does not relieve the lienholder of the necessity of filing suit against the contractor, but merely relieves him of the duty of obtaining a judgment against him under certain specified conditions. *Chambers Lumber Co. v. Martin,* 112 Ga. App. 826 (146 SE2d 529); *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 219 (2, b) (154 SE2d 638). One of such conditions, which was added for the first time by the aforesaid 1960 amendment, was: "if such contractor . . . shall be adjudicated a bankrupt." It is argued that this statute, as amended and subsequently construed by this court, requires that suit be filed against the contractor *prior to his bankruptcy* if further action is to be maintained. It is precisely this requirement, which this court had declared to exist in *Victory Lumber Co. v. Ellison,* 95 Ga. App. 105 (97 SE2d 334), that the amendment was enacted to eliminate. The provision immediately following the one added by the 1960 amendment deals with the situation wherein suit is filed prior to the bankruptcy, therefore the amendment would not have added any new provision if it be construed to refer to an adjudication of bankruptcy *after* the filing of a suit. Although the verb form

used, "shall be," is, by itself, susceptible of the construction urged, it is apparent, upon reading the provision in the context of the remaining provisions and in the light of the history of the amendments and construction of the section, that the provision was intended to mean: "if such a contractor . . . . *shall be* adjudicated a bankrupt." If the provision in the body of the Act still be considered ambiguous or obscure, however, we may then resort to the preamble or caption of the Act for the purpose of ascertaining the legislative intent. *Chambers Lumber Co. v. Martin,* supra, and cit. The caption of the Act in question provides, in part, that its purpose is to provide a means for the enforcement of such liens ". . . in the event that said contractor . . . *has been* adjudicated a bankrupt." (Emphasis supplied.) The petitions, therefore, were not subject to the general demurrers on the ground that the actions against the contractor were brought after its adjudication as a bankrupt.

Nor did the fact that the actions against the contractor were filed concurrently with those against the landowners subject the petitions to the general demurrers. This right has long been recognized in this state where, as in the present case, both parties defendant reside in the same county. *Atkinson v. Wingate Plumbing Co.,* 20 Ga. App. 480 (93 SE 122). See also *Eubank v. Barber-Colman Co.,* supra, p. 218. The petitions satisfy the requirements of *Code Ann.* § 67-2002 of suing the contractor and seeking to first recover money judgments against it. If no such final judgments can be obtained, then the plaintiffs would be entitled, under the prayers of their petitions based upon *Code Ann.* § 67-2002, to the alternative of liens on the defendant landowners' real property.

The court did not err in its judgment overruling the general demurrers to the petitions.

*Judgments affirmed. Eberhardt and Whitman, JJ., concur.*