## 48432. SOUTHERN DISCOUNT COMPANY v. COOPER et al.

EVANS, Judge. Southern Discount Company sued Willie C. Cooper, Patricia Cooper and Doris Cooper for the balance due on a promissory note made under the Georgia Industrial Loan Act. A default judgment was awarded the plaintiff and garnishment proceedings were filed. Defendants then filed a motion to vacate and set aside the judgment because of a nonamendable defect appearing on the face of the complaint, which, they contend, rendered the the judgment null and void. The court granted the motion to set aside the judgment, and in its order there appears the following: "The Plaintiff's Complaint did not allege that it was a licensee under the Georgia Industrial Loan Act. Its Note was attached as an Exhibit to its Complaint. No claim was made by the Plaintiff for attorney's fees in said action. Subsequent to the rendition of the Judgment and after the institution of the Garnishment Action predicated upon the Judgment rendered the Defendants Doris and Patricia Cooper filed a Motion to Set Aside the Judgment on the ground that on the face of the Complaint there appeared to be a non-amendable defect which rendered the Judgment null and void." Plaintiff appeals. *Held:*
As a condition precedent to recovery of an obligation incurred under the provisions of the Industrial Loan Act it must appear *either* in the pleadings or the evidence that the lender was licensed under the Act to engage in the business of making loans. See *Jobson v. Masters,* 32 Ga. App. 60 (3) (122 SE 724); *Robinson v. Colonial Discount Co.,* 106 Ga. App. 274, 278 (126 SE2d 824); *Southland Loan &c. Co. v. Brown,* 53 Ga. App. 786, 787 (187 SE 131); *Bayne v. Sun Finance Co. No. 1,* 114 Ga. App. 27 (2, 3, 4, 6) (150 SE2d 311); *Hardy v. R & S Finance Co.,* 116 Ga. App. 451 (1) (157 SE2d 777); *Household Finance Corp. v. Johnson,* 119 Ga. App. 49 (165 SE2d 864). The petition itself does not allege that the plaintiff is licensed, nor is it shown in the exhibits that the plaintiff is licensed under the Industrial Loan Act. In *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899), the Supreme Court holds that it is not necessary under the Civil Practice Act for the plaintiff to plead the license as a condition precedent, nevertheless there must be evidence at the trial. Here judgment was entered by default, and we have no way of ascertaining just what evidence was presented at the time judgment was rendered. The judgment was not void on its face, nor was it shown to be void "upon the face of the record or

pleadings." Nor do the pleadings show affirmatively that no claim in fact existed. Code Ann. § 81A-160 (a, d) (§ 60, CPA; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240).

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 23, 1973 — REHEARING DENIED NOVEMBER 13, 1973 —

*Harris Bullock,* for appellant.

*Kenneth G. Levin,* for appellees.

ON MOTION FOR REHEARING.

EVANS, Judge. Movant urges that this court did not even mention *Patman v. General Finance Corp.,* 128 Ga. App. 836 (198 SE2d 371), in our opinion. True. In most of our opinions we do not mention each and every case cited by the opposing parties. There is no similarity or parity whatever between the *Patman* case and the case sub judice except that each moves to set aside a default judgment. In the *Patman* case, the contract sued on *was in the record* and showed on its face a deficiency which rendered the contract void. But in the case sub judice, *there is nothing in the record,* including pleadings and evidence, which shows whether plaintiff was licensed or not under the Georgia Industrial Loan Act to make loans, and in this situation this court cannot hold the judgment by default was unauthorized. In *Patman,* this court reversed, and set aside the plaintiff's judgment because of *what was shown by the record;* whereas in the case sub judice, the lower court set aside plaintiff's judgment, and this court reversed because of *what was not shown by the record,* to wit, whether or not plaintiff was licensed.

Movant also urges that *Management Search, Inc. v. Kinard,* 129 Ga. App. 795, is controlling and requires that the trial court's ruling, which sets aside the judgment, be upheld. The following meaningful and controlling language distinguishes same from the case sub judice, to wit: "However, the plaintiff did prove that it was licensed by the State Labor Commissioner."

*Motion for rehearing denied.*