## 49115. CENTENNIAL EQUITIES CORPORATION v. HOLLIS.

EVANS, Judge.

On July 28, 1972, William A. Hollis filed and recorded a lien for labor and materials used for improvement of real estate of Multicon and Centennial Equities Corporation. It was alleged that the lien was filed within 3 months from date when labor and material were furnished. It was alleged that the labor and material were furnished *at the instance* of Multicon Construction Corporation. Here let it be noted that Multicon (one of those against whom the lien was filed) is a limited *partnership* of Ohio; while Multicon Construction Corporation (at whose instance the labor and materials were furnished) is an Ohio *corporation.*

On June 4, 1973, Hollis sued Centennial Equities Corporation for $25,642.14 for labor and materials furnished to it, the same amount as was set out in the lien, and a copy of the lien attached to the complaint. A special lien was also sought against the property. Service was accomplished upon the foreign corporation's agent for service. No answer was filed, and on July 23, 1973, a default judgment in the amount sought and special lien on the property were awarded. On October 10, 1973, three terms later, a motion to set aside the judgment was filed by defendant, and rule nisi issued. The motion to set aside did not pray the opening of the default, but alleged that the judgment was void and should be set aside. A hearing on the rule nisi was held, and the court denied the motion to set aside the special lien on the property, stating that the plaintiff had stipulated the in personam (money) judgment against defendant was void. Defendant appeals. *Held:*

1. In order to set aside this judgment the pleadings must affirmatively show that no claim in fact existed.

Code Ann. § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489).

2. Defendant argues that an entry of judgment without a jury is void. But under Section 39 of the law creating that court, a jury trial must be demanded as specifically provided in Ga. L. 1935, pp. 500, 503. Indeed, this court has held that where no jury is demanded it is not error to try the issue without a jury. *Cherry v. McCutchen,* 68 Ga. App. 682, 690 (23 SE2d 587); *Owen v. Stevenson,* 18 Ga. App. 391 (89 SE 435).

In the absence of any showing of improper service (lack of notice), the failure of defendant to demand a jury trial pursuant to Section 39, supra, is a waiver of right to trial by jury.

3. The lien attached to the complaint clearly shows it substantially met the requirements of Code Ann. §§ 67-2001, 67-2002. The lien states it was filed within three months after labor and materials were furnished at the instance of a nonresident. The law requires suit to be filed, "within 12 months from the time the same shall become due." *McCluskey v. Still,* 32 Ga. App. 641 (124 SE 548); *Cowart v. Reeves,* 80 Ga. App. 161 (1, 4) (55 SE2d 911); compare *Chambers Lumber Co. v. Martin,* 112 Ga. App. 826 (146 SE2d 529); *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 219 (2b) (154 SE2d 638). This court presumes the judgment is supported by every fact essential to make it valid and binding. *Kiser v. Kiser,* 101 Ga. App. 511 (1) (114 SE2d 397).

Plaintiff's complaint attached a copy of the notice of lien filed in the superior court, and it recites that the materials and labor were used in the improvement of defendant's real estate as described in the lien; and which "were furnished by the undersigned at the instance of Multicon Construction Corp., an Ohio corporation." The Civil Practice Act as to notice pleadings now requires that there be a general averment that conditions precedent have been performed or have occurred. See Code Ann. § 81A-109 (c) (§ 9, CPA; Ga. L. 1966, pp. 609, 620).

4. Defendant argues that plaintiff was required to allege and prove that personal jurisdiction could not be

obtained on the contractor, before plaintiff was entitled to seek a judgment in rem against the property. However, the complaint filed shows such contractor to be a resident of Ohio, generally. Evidence as to the fact of residence could be proven within the framework of the complaint, and the complaint is therefore sufficient. See *Mitchell v. Dickey,* 226 Ga. 218 (173 SE2d 695); *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260); *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474, 477 (193 SE2d 881); *Southern Discount Co. v. Cooper,* 130 Ga. App. 223 (203 SE2d 237). For a thorough discussion of pleading and proving conditions precedent in regard to regulatory licenses see the recent case of *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899). There it is held that in order to authorize a recovery by a plaintiff holding a regulatory license, he may prove same at whatever stage of the proceedings it should appear.

5. No reason has been shown to set aside the judgment as void.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, Quillian, Stolz and Webb, JJ., concur. Eberhardt, P. J., and Clark, J., dissent.*

Submitted March 6, 1974 — Decided May 10, 1974 — Rehearing denied June 4, 1974 — 

*Hansell, Post, Brandon & Dorsey, Dent Acree,* for appellant.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellee.

Eberhardt, Presiding Judge, dissenting.

For two reasons I dissent.

1. There is no averment, even general, that prerequisites to the right to proceed with the lien foreclosure, or conditions precedent to the right to proceed in the foreclosure of the claim of lien under Code Ann. § 67-2002 have occurred or have been performed. I am aware of the holding of the Supreme Court in *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899), but that case dealt only with the matter of whether the holding of a license by an employment agency must

be alleged in the complaint, or might be proved as a part of the trial to authorize a recovery by the agency for its commission in securing employment for the defendant.

Here Code Ann. § 67-2002 provides that to make good the liens specified in § 67-2001 "they *must be created and declared in accordance with* the following provisions, and *on failure of any of them the lien shall not be effective,* viz:

"1. A substantial compliance by the party claiming the lien with his contract. . .

"2. The filing for record of his claim of lien within three months after the completion of the work . . . or within three months after such material or machinery is furnished. . .

"3. The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due." In this connection it is further provided that in the event the contractor or subcontractor procuring material, labor or supplies for the improving of real estate shall abscond, or die or remove himself from the state within 12 months from the date such materials are furnished to him, or if he shall be adjudicated a bankrupt, or, if after filing suit, no final judgment can be obtained against him by reason of his death or adjudication in bankruptcy, the persons so furnishing materials and supplies shall be relieved of the necessity of obtaining judgment against such contractor or subcontractor *as a prerequisite* to enforcing a lien against the property improved, and may enforce the lien in an action directly against the owner, limited to a judgment in rem.

CPA § 81 (Code Ann. § 81A-181) provides that the rules of pleading as found therein "shall apply to all special statutory proceedings *except to the extent that specific rules of practice and procedure in conflict herewith and are expressly prescribed by law.* "(Emphasis supplied.)

Further, CPA § 9 (c) (Code Ann. § 81A-109 (c)) expressly recognizes that there should be a pleading of "the performance or occurrence of conditions precedent, [though] it is sufficient to aver generally that all conditions precedent have been performed or have

occurred."

My view is that Code Ann. § 67-2002, by its terms, makes the pleading of the conditions precedent stated therein to be a requirement "expressly prescribed by law."

Consequently, it does not appear, as it should, on the face of the record that the plaintiff has sued or obtained judgment against the contractor to whom the materials were supplied, nor does it appear that any of the exceptions have occurred which, under § 67-2002, would excuse the obtaining of the judgment against the contractor before seeking to enforce the lien.

We cannot presume that a condition precedent has occurred or has been performed, for absent its occurrence or performance plaintiff cannot set forth a claim for relief and if he does not plead it he sets forth no claim on which relief can be granted.

2. Unless it affirmatively appears that the conditions precedent have occurred or have been performed, a suit directly against the owner with whom the supplier of materials had no contractual relationship cannot be maintained. *Athens Electric Supply Co. v. Delta Oil, Inc.,* 101 Ga. App. 515 (114 SE2d 289).

While § 67-2002 does excuse the plaintiff from obtaining a prior judgment against the contractor if the contractor has been adjudicated a bankrupt, yet we have held that this does not obviate the necessity of filing suit against the contractor within the twelve months after the amount was due. *Victory Lumber Co. v. Ellison,* 95 Ga. App. 105, 106 (97 SE2d 334). The requisites of the statute must appear.

The suit to foreclose the lien was brought only against Centennial Equities Corporation, described as the *owner* of the premises. The claim of lien attached as an exhibit asserts that the materials were supplied to Multicon Construction Corporation.

Since it does not appear that plaintiff has obtained a prior judgment against the contractor and does not proceed contemporaneously to do so, the action against the owner to foreclose the lien simply did not lie, and could not lawfully proceed.

Plaintiff-appellee concedes that the in personam

judgment taken against the owner, being in direct contravention of the provisions of Code Ann. § 67-2002, is void.

There would appear to be no reason why plaintiff Hollis could not have instituted a suit against the contractor Multicon Construction Corporation, an Ohio corporation, obtained service under the Long Arm Statute, Code Ann. § 24-113 et seq., and, if entitled thereto, have obtained a judgment against it as is required under Code Ann. § 67-2002 before attempting to foreclose his claim of lien. The mere fact that the contractor is an Ohio corporation does not show that it has absconded or removed itself from this state. It has been a nonresident from the beginning, but has likewise been subject to the service of process under the Long Arm Statute from the beginning, and its whereabouts is known. The provision of Code Ann. § 67-2002 relieving the necessity of procuring the judgment if the contractor shall "abscond or die or remove from the State within 12 months from the date such services, labor, supplies or material are furnished him" applies only if because of such an event "personal jurisdiction cannot be obtained on said contractor or subcontractor, and no final judgment can be obtained against him for the value of such material, services, labor and supplies." That is not the case here.

The judgment of foreclosure is void as well as the purported personal judgment, and I would reverse.

I am authorized to state that Judge Clark joins in this dissent.