54414. MELTON v. PACIFIC SOUTHERN
MORTGAGE TRUST et al.

QUILLIAN, Presiding Judge.

Plaintiff Melton contracted with National Community Builders, Inc. (NCB), a California corporation, to furnish labor and materials to improve two apartment projects in Fulton County, Georgia, owned by NCB. On or about February 12, 1974, NCB ceased work on the apartment projects. At that time plaintiff filed materialmen's liens on those properties. On March 1, 1974, NCB transferred those same properties to U. S. Guaranty Capitol Corporation, another California corporation. U. S. Guaranty filed a Chapter XI bankruptcy proceeding on August 2, 1974, in the U. S. District Court for the Southern District of California. On September 24, 1974, NCB also filed a Chapter XI bankruptcy plan in the same court.

Plaintiff was unaware of the transfer of the real property which secured his liens from NCB to U. S. Guaranty and filed a claim in the bankruptcy court

against NCB on or about December 13, 1974. As he was unsure of the status of his claim, he filed a duplicate claim on or about January 20, 1975. He requested that he be considered as a secured creditor, based upon the fact that he held materialmen's liens upon NCB property. His first claim was disallowed "as a duplicate claim," and his second claim was allowed — effective January 24, 1975, as an "unsecured claim" because the bankruptcy court found that the property against which plaintiff's liens were filed had been transferred prior to the filing of the bankruptcy proceeding, thus NCB had "no right, title or interest in and to the real property" to which plaintiff's security was attached. The record copy of this finding of the bankruptcy court is undated.

In the bankruptcy proceeding of U. S. Guaranty, the court authorized the transfer of this property to the defendant, Pacific Southern Mortgage Trust, on May 9, 1975.

Plaintiff appeared, pro se, in the NCB bankruptcy proceeding in California on May 17, 1976. NCB's plan was confirmed and it was discharged by the bankruptcy court. After this first meeting of the NCB creditors in California on May 17, when plaintiff had been advised by the court that the property involved in this action had been transferred, he returned to Georgia, checked the records in Fulton County, and discovered the property had been transferred by NCB to U. S. Guaranty and later to Pacific Mortgage Trust — the defendant. Plaintiff filed this action to enforce his lien on June 22, 1976, more than two years after the original filing of his materialmen's lien. Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment. The trial court found that "[p]laintiff's complaint was not filed within the time required by law" and dismissed the complaint. Plaintiff appeals. *Held:*

1. Plaintiff's action sought a personal judgment against the current owner of the realty, and a foreclosure of the lien against the property. The attempt to secure an in personam judgment is improper. This court held in *Bennett Iron Works v. Underground Atlanta,* 130 Ga. App. 653, 654 (204 SE2d 331), that "it was error to enter a personal judgment against the defendant where the

defendant landowner was not a party to the contract for the purchase of the material. . ." Accord, *Chambers Lumber Co. v. Hagan,* 118 Ga. App. 392 (2) (163 SE2d 847).

However, it is "not necessary that there be a contract between the landowner and the materialman to obtain a judgment in rem" against the property. *Chambers Lumber Co. v. Hagan,* 118 Ga. App. 392, 394, supra. But, "to foreclose the lien of a laborer and materialman created under the provisions of Code Ann. § 67-2001 [the plaintiff] must affirmatively show that all of the conditions precedent set forth in § 67-2002 have been complied with or that the case is within one of the exceptions made by the various amendments to Subsection (3) of that Code section." *Jordan Co. v. Adkins,* 105 Ga. App. 157 (2) (123 SE2d 731).

This section sets forth three prerequisites to enforce a materialman's lien: (1) substantial compliance with the contract, (2) filing of the claim of lien within three months, and (3) commencement of an action for the recovery of the amount of the claim "within 12 months from the time the same shall become due." Code Ann. § 67-2002 (Ga. L. 1873, p. 44, as amended to 1968, pp. 317, 318). Substantial compliance with the contract is not in issue. The plaintiff filed his claim of lien within the requisite time. The remaining issue is whether he complied with the requirement to commence his action within 12 months, or whether he came within one of the exceptions in Code Ann. § 67-2002 (3), supra.

In his complaint, plaintiff alleged that "he was unable to file a complaint against National Community Builders, Inc. for judgment, due to the fact that National Community Builders, Inc. filed an application in the Bankruptcy Court, Southern District of California, and plaintiff was restrained from proceeding against the debtor. . ." He further alleged that "he [was] relieved from filing [a] complaint against National Community Builders, Inc., under Georgia Code Annotated Section due to the fact that National Community Builders, Inc. [had] an application pending in the Bankruptcy Court. . ."

The record does not support plaintiff's first contention that he was "restrained" from proceeding

against NCB, unless he uses "restrained" in its broadest sense to mean that under federal law he was not authorized to enforce his state statutory lien where the debtor had filed a petition in bankruptcy in the federal court.

Plaintiff's position finds support in federal decisions. The general rule is that filing of a petition in bankruptcy freezes the rights of all parties. Goggin v. Division of Labor Law Enforcement, 336 U. S. 118, 126 (69 SC 469, 93 LE 543). Upon adjudication of bankruptcy, title to all the property of the bankrupt vests in the trustee, as of the date of the filing of the petition. Gross v. Irving Trust Co., 289 U. S. 342 (53 SC 605, 77 LE 1243). The bankruptcy court takes exclusive jurisdiction over the bankrupt's property and "control of the estate cannot be affected by proceeding in other courts, state or federal." Id. p. 344. The bankruptcy court's jurisdiction is paramount and extends to land belonging to the bankrupt situated in another state, and it alone has jurisdiction "to determine the validity and amount of a lien upon the land, and to decree the method of its liquidation, [and action] can not be taken thereafter by a state court." Issacs v. Hobbs Tie & Timber Co., 282 U. S. 734 (1) (51 SC 270, 75 LE 645). Compare *Taylor v. Mateer & Co.,* 117 Ga. App. 565, 566 (161 SE2d 394). A state court "was without jurisdiction to proceed to foreclosure and sale, and the federal court, upon removal, had no higher or different right than the state court had to interfere with the bankruptcy administration." Id. p. 735 (2).

Congress has maintained a general policy of recognizing property interests established by state statutes. In the Matter of Telemart Enterprises, Inc., 524 F2d 761 (9th Cir. 1975). And, except as expressly provided by the Bankruptcy Act, valid liens are not affected by proceedings in bankruptcy. Cutler-Hammer, Inc. v. Wayne, 101 F2d 823 (2) (5th Cir. 1939); 4 Collier on Bankruptcy 208.1, 245, ¶67.20. Rights of secured creditors may not be curtailed in bankruptcy proceedings and valid liens in good standing when the petition is filed, even though the liens are inchoate and in the process of completion are recognized. Cutler-Hammer, Inc. v. Wayne, 101 F2d 823, supra; Lyford v. New York, 140 F2d

840, 845 (3) (2d Cir. 1944), cert. den. sub nom. Bankers Trust Co. v. New York, 323 U. S. 714 (65 SC 41, 89 LE 574); see also 11 USCA 107 (c) (1) (B); 4 Collier on Bankruptcy 208.1, 213,¶67.20. However, it is "solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation." Issacs v. Hobbs Tie & Timber Co., 282 U. S. 738, supra; Thompson v. Magnolia Petroleum Co., 309 U. S. 478, 481 (60 SC 628, 84 LE 876).

Where a claim of lien is asserted in bankruptcy proceedings under a state statute which provides that the lien is not preserved unless positive action to enforce it has been commenced in the state court within a stated time, "it is not necessary for the claimant to file action in the state court if the lien is asserted in bankruptcy court within the statutory time." American Coal Burner Co. v. Merritt, 129 F2d 314 (3) (6th Cir. 1942); In re J. R. Nieves & Co., 446 F2d 188 (1st Cir. 1971); 4 Collier on Bankruptcy 357, ¶67.26. "This construction harmonizes the apparent conflict between the exclusive jurisdiction of the bankruptcy court [cits.] and the mandatory provision of the state statute, by permitting either the filing of the statutory action *under permission of the bankruptcy court* or the equivalent prosecution of the claim in the bankruptcy court." (Emphasis supplied.) American Coal Burner Co. v. Merritt, 129 F2d 314, 315, supra.

Authorities are in general agreement that if a state statute requires seizure of property to perfect a lien, the bankruptcy court should be notified. See Ex parte Baldwin, 291 U. S. 610 (3) (54 SC 551, 78 LE 1020); Adams v. O'Malley, 182 F2d 925 (8th Cir. 1950); 4 Collier on Bankruptcy 354, 359, ¶67.26; see also 8A CJS 385, Bankruptcy, § 266 (2).

Although the law may favor the plaintiff in this case, the fact is that he filed his claim against NCB after NCB had transferred the realty securing his claim to U. S. Guaranty. Thus, filing his claim against NCB did not perfect his lien and he also failed to comply with the state statute by commencing action. Neither did he perfect his lien by filing against U. S. Guaranty in that bankruptcy proceeding as he was unaware of the transfer of the property from NCB. Accordingly, his lien was

extinguished, unless he falls within one of the exceptions of Code Ann. § 67-2002 (3), supra.

2. Code Ann. § 67-2002 (3), supra, provides in pertinent part for commencement of an action within 12 months, but "if such contractor or subcontractor shall be adjudicated a bankrupt, or if, after the filing of suit against such contractor or subcontractor, no final judgment can be obtained against him . . . by reason of his . . . adjudication in bankruptcy, then . . . the person or persons so furnishing material, services, labor and supplies shall be relieved of the necessity of obtaining judgment against such contractor or subcontractor as a prerequisite to enforcing a lien against the property improved by said contractor or subcontractor and may, subject to the provision of section 67-2001, enforce said lien against the property so improved in an action against the owner thereof, but with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of said property. . ."

We note the legislature chose to use three distinct terms when describing interested parties in an action to enforce a lien — the "owner," "contractor" and "subcontractor." The exception from obtaining a judgment was granted only to the "contractor" and "subcontractor." However, when the "owner" is also the "contractor" with the materialman, as in this case, is he also to be included in the exception? The plaintiff asserts that he is. The defendant argues that he is not.

Where real property of a bankrupt is subject to a contract and a lien, "the contract is to be construed and the validity of the lien determined by the bankruptcy court, in accordance with the law of the State where the contract was made and the land is situated. . ." Security Mortgage Co. v. Powers, 278 U. S. 149 (49 SC 84, 73 LE 236); Grainger & Co. v. Riley, 201 F 901 (6th Cir. 1913).

Applying the law of Georgia, we find that we need not reach the issue of whether the term "contractor" includes "owner," for as pointed out in *Eubank v. Barber-Coleman Co.*, 115 Ga. App. 217, 220 (154 SE2d 638), the third subsection of Code Ann. § 67-2002 "merely relieves the lienholder of the duty of obtaining a judgment against the

contractor or subcontractor; it does not relieve the lienholder of the necessity of filing suit against the contractor or subcontractor." Accord, *Victory Lumber Co. v. Ellison,* 95 Ga. App. 105, 107 (97 SE2d 334); *Chambers Lumber Co. v. Martin,* 112 Ga. App. 826 (146 SE2d 529). As plaintiff did not *file suit* (see Division 1 above) within the statutory period he does not come within the exception even if the term "contractor" does include an "owner." Plaintiff's enumerations are without merit.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED JANUARY 6, 1978 — REHEARING DENIED JANUARY 26, 1978 —

*Fred W. Minter,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard, Harvey S. Gray,* for appellees.