26322. HENDERSON et al. v. MADDOX.

UNDERCOFLER, Justice. This appeal is from the dismissal of appellants' action seeking to declare Lester G. Maddox, the present Governor of Georgia, ineligible to hold the office of Lieutenant Governor during the term of January 1971 to January 1975, to declare invalid the general election of November 3, 1970, at which he was elected Lieutenant Governor for said term, and to provide for another general election to fill said office.

As stated by the appellants, the issue of law is, ". . . does the Constitution of the State of Georgia . . . prohibit one ineligible for the office of Governor for the ensuing four-year term from being eligible to [hold] the office of Lieutenant Governor for the same term." *Held:*

Article V, Section I, Paragraph I of the 1945 Constitution provides in part: "The Governor serving at the time of the adoption of this Constitution and future Governors shall not be eligible to succeed themselves and shall not be eligible to hold the office until after the expiration of four years from the conclusion of his term of office." *Code Ann.* § 2-3001.

Article V, Section I, Paragraph VI of the 1945 Constitution provides: "No person shall be eligible to the office of Governor, who shall not have been a citizen of the United States fifteen years, and a citizen of the State six years, and who shall not have attained the age of thirty years." *Code Ann.* § 2-3006.

Article V, Section I, Paragraph VII of the 1945 Constitution as amended in 1968 (Ga. L. 1968, p. 1558, ratified Nov. 5, 1968) provides in part: "There shall be a Lieutenant Governor, who shall be elected at the same time, for the same term, and in the same manner as the Governor. He shall be President of the Senate, and shall receive the sum of $2,000 per annum. In case of the death, resignation or disability of the Governor, the Lieutenant Governor, and in case of the death or resignation of the Governor-Elect, the Lieutenant Governor-Elect, who shall be deemed to be the Governor's successor, upon becoming the Lieutenant Governor, shall exercise the executive power and receive the compensation of the Governor until the next general election, at which a successor to the Governor shall be

elected for the unexpired term; but if such death, resignation, or disability shall occur within thirty days of the next general election, or if the term will expire within ninety days after the next general election, the Lieutenant Governor shall exercise the executive power and receive the compensation of the Governor for the unexpired term. If the Lieutenant Governor shall become a candidate for the unexpired term of the Governor, he shall thereby resign his office as Lieutenant Governor, effective upon the qualification of the Governor elected for the unexpired term, and his successor for the unexpired term shall be elected at such election. In case of the death, resignation, or disability of both the Governor and the Lieutenant Governor, the Speaker of the House of Representatives shall exercise the executive power until the removal of the disability or the election and qualification of a Governor at a special election, which shall be held within sixty days from the date on which the Speaker of the House of Representatives shall assume the executive power." *Code Ann.* § 2-3007.

The appellants contend that, "The provisions of the Constitution of the State of Georgia are completely devoid of any express specifications of qualifications for the office of Lieutenant Governor, and, accordingly, such qualifications must of necessity be implied from the character and nature of and the expressed and well understood primary purposes of such office of Lieutenant Governor, with a construction of said Constitution as a whole and in pari materia." They argue that Article V, Section I, Paragraph I (*Code Ann.* § 2-3001) of the Georgia Constitution prohibits the appellee Lester G. Maddox, the incumbent Governor, from succeeding himself as Governor, and therefore, by implication, he is prohibited from seeking and holding the office of Lieutenant Governor during that same term. We do not agree.

The offices of Governor and Lieutenant Governor are separate and distinct under the Georgia Constitution. The fact that the Constitution does not specify any qualifications or disqualifications for the office of Lieutenant Governor does not warrant a conclusion that they were intended to be the same as those for the office of Governor. Where a constitutional provision is plain and

susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *Rayle Electric Membership Corp. v. Cook,* 195 Ga. 734 (2) (25 SE2d 574). This court cannot insert provisions into the Constitution where none exist.

"In *Patten v. Miller,* 190 Ga. 123, 139 (8 SE2d .757), it was held: 'Among the rights of citizens, as declared in the Code, are the right to hold office unless disqualified by the Constitution and laws, and the right to appeal to the courts. *Code* § 79-205 . . . So the right of a citizen to hold office is the general rule, ineligibility the exception; and therefore a citizen may not be deprived of this right without proof of some disqualification specifically declared by law.'" *McLendon v. Everett,* 205 Ga. 713, 716 (55 SE2d 119).

Nor are we persuaded by the argument that the primary purpose of the Lieutenant Governor is to succeed to the office of Governor in the event of a vacancy and, therefore, the Constitution in barring a Governor from succeeding himself, by implication, disqualifies him from holding the office of Lieutenant Governor.

A careful study of the Constitution convinces us that the Lieutenant Governor does not succeed to the office of Governor in the event of a vacancy. He continues to occupy the office of Lieutenant Governor and merely exercises the executive power until an election to fill the office of Governor can be called as provided in the Constitution. The Constitution provides further: "If the Lieutenant Governor shall become a candidate for the unexpired term of Governor, he shall thereby resign his office as Lieutenant Governor." Article V, Section I, Paragraph VII *(Code Ann.* § 2-3007). In our opinion the Constitution is clear.

The Lieutenant Governor does not succeed to the office of Governor in the event of a vacancy. Rather the executive power devolves upon the Lieutenant Governor so that the State Government can continue to function until a Governor is chosen by the people as provided by law.

The appellee is not disqualified from seeking and holding the office of Lieutenant Governor for the term stated.

*Judgment affirmed. All the Justices concur.*

198

ARGUED DECEMBER 16, 1970—DECIDED JANUARY 4, 1971—
REHEARING DENIED JANUARY 21, 1971.

*Henry M. Henderson,* for appellant.
*Tully M. Bond,* for appellee.