### 47845. SEABOARD COAST LINE RAILROAD COMPANY v. BLACKMON.

QUILLIAN, Judge. This is an appeal by Seaboard Coast Line Railroad Company (hereinafter referred to as Seaboard) from a judgment of the Fulton Superior Court sustaining an assessment made against Seaboard by the State Revenue Commissioner (hereinafter referred to as Commissioner) for additional income taxes found by the Commissioner to be due for the taxable year ending December 31, 1969. The trial judge denied Seaboard's motion for summary judgment and granted the Commissioner's motion for summary judgment.

Simply stated, in 1968 Seaboard lost money and in 1969 it made money. The issue here involves treatment of the net operating loss carry-over. In 1968 and 1969 Seaboard received inter-corporate dividends. Under the Federal Income Tax Law, Seaboard deducted 85 percent of these dividends from its gross income to arrive at the federal net taxable income. Seaboard then subtracted the additional 15 percent from the federal net taxable income to arrive at the state net taxable income. In 1968 this was a loss. Seaboard followed the same procedure in 1969. Since it had a loss in 1968, Seaboard used this loss carry-over in 1969. It then added on 15 percent of the 1968 dividends and 15 percent of the 1969 dividends to reduce the operating loss in 1968. The Commissioner contends that 100 percent of the 1968 dividends and 100 percent of the 1969 dividends should have been added back in under the provisions of Code Ann. § 92-3109 (m) (based upon Acts as amended through 1968, p. 539) (now repealed, Ga. L. 1971, pp. 605, 615), which were in effect for the taxable period in question. Seaboard now contends that neither the 1968 nor the 1969 dividends should have been added back in and that instead these amounts should have been excluded under that same Code provision. *Held:*

In a consideration of the issues here involved the following provisions of the Income Tax Law are pertinent: Code Ann. § 92-3109 (m) "Net operating loss carry-over or carry-back. In

addition to other deductions allowed by this law there shall be allowed as a deduction from gross income a net operating loss carry-over or carry-back. . ." Code Ann. § 92-3109 (m) (3). "As used in this subsection the term 'net operating loss' is hereby defined as the *excess of allowable deduction over gross income* for the taxable year subject to the following adjustments: (A) There shall be added to gross income all nontaxable income, *not required to be reported as gross income under the provisions of this law,* less any expenses properly and reasonably incurred in earning *such nontaxable income,* which expenses would otherwise be nondeductible under this law." (Emphasis supplied.)

Code Ann. § 92-3107 (Ga. L. 1935, pp. 121, 123; 1937, pp. 109, 122; 1941, pp. 210, 213; 1943, pp. 317, 320; 1953, pp. 287, 289; repealed and superseded by Ga. L. 1971, pp. 605, 613). " 'Gross income' defined. (a) The words 'gross income' mean the income of a taxpayer derived . . . from interest, rent, dividends . . . and income derived from any source whatever and in whatever form paid." Code Ann. § 92-3107 (b) states that the words "gross income" do not include the following items—it then lists 7 items which are exempt from taxation under the law. The first of these is life insurance proceeds. Corporate dividends are not included in this list. Net income is defined as the gross income of a taxpayer less the deductions allowed by this law. Code Ann. § 92-3108 (Ga. L. 1969, pp. 114, 119). Corporate dividends are allowed as deductions from gross income under Code Ann. § 92-3109. This is used in computing net income.

Code § 92-3005 "Regulations by Commissioner. The Commissioner may from time to time make such rules and regulations, *not inconsistent with this law* as he may deem necessary to enforce its provisions, and the same shall have the full force and effect of law." (Emphasis supplied.)

We note the following regulations promulgated pursuant to this legislative grant. Regulations § 92-3109 (m). Net operating loss carry-over and carry-back. . . . "Subsection (m) (3) (A) requires that *gross income* shall include for the purposes of net operating loss all non-taxable income *not required to be reported as gross income under the provisions of this Income Tax Act,* less any expenses properly and reasonably incurred in earning such non-taxable income. For example, life insurance proceeds are considered as non-taxable income includable as gross income for purposes of net operating loss computation. . . This subsection is designed to closely follow the provisions in Federal Law for net

operating loss carry-back, carry-over, and for this reason the State Revenue Commissioner adopts for all practical purposes, the Federal Regulations relating to this subject which were in effect on February 15, 1952, *except in those cases where the two laws conflict.*" (Emphasis supplied.)

A statute imposing a tax should be construed most strongly against the State. *Interstate Bond Co. v. State Revenue Commn.,* 50 Ga. App. 744, 751 (179 SE 559); *Mystyle Hosiery Shops v. Harrison,* 171 Ga. 430, 431 (155 SE 765). However, where a provision as a matter of grace confers a benefit then there must be strict construction against the taxpayer. *Standard Oil Co. v. State Revenue Commr.,* 179 Ga. 371 (7) (176 SE 1); *Fulton Bag & Cotton Mills v. Williams,* 212 Ga. 783 (95 SE2d 848). An "exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature." *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691, 693 (75 SE2d 550).

Where there is any doubt or conflict within the statute the paramount rule of construction is that the court must ascertain the legislative intent. *Williams v. Bear's Den,* 214 Ga. 240, 242 (104 SE2d 230). As has been oft-times stated, in all interpretations of acts of the legislature, the courts shall look diligently for the intention of the General Assembly keeping in view at all times the old law, the evil and the remedy. *Jenkins v. State,* 93 Ga. App. 360 (92 SE2d 43); *Barrett & Carswell v. Pulliam,* 77 Ga. 552 (2).

Nevertheless, where a statute is unambiguous it must be taken to mean what has been clearly expressed and no occasion for construction exists. *Forrester v. Interstate Hosiery Mills,* 194 Ga. 863 (23 SE2d 78); *Burnam v. Wilkerson,* 217 Ga. 657 (124 SE2d 389).

It is urged that the construction given to the statute by the officers appointed to execute it and acted upon for a long term of years is entitled to great consideration by the court. *Suttles v. Northwestern Mut. Life Ins. Co.,* 193 Ga. 495 (19 SE2d 396, 21 SE2d 695, 143 ALR 343). It is also urged that we should adopt the construction set forth in the Federal laws effective at the time of the Act's adoption in 1952. The second contention finds answer in the Regulations propounded by the Commissioner acknowledging in case of conflict that such Federal regulations would yield to the Act. As to the first argument, the Act itself does not countenance inconsistent regulations. Code § 92-3005. In

*Thompson v. Eastern Air Lines,* 200 Ga. 216 (36 SE2d 675, 39 SE2d 225), our Supreme Court held that courts must give unambiguous statutes the interpretation which' their language clearly implies irrespective of contrary administrative interpretations.

In this case we have no question of a conflict between two different statutory enactments or of provisions within a statute but merely a consideration of specific language contained in one provision of a statute. The Commissioner argues that we should ignore the language following all non-taxable income. It is urged that the words "not required to be reported as gross income under the provisions of this law" is a mere descriptive passage. If so, it means the legislature added a completely worthless phrase in the statute since giving the construction argued for by the Commissioner would mean that the words "all non-taxable income" are the only ones of force and effect.

As held in *City of Gainesville v. Smith,* 121 Ga. App. 117 (173 SE2d 225), every part of a statute must be reviewed in connection with the whole to harmonize all parts where practicable, it being presumed that the legislature did not intend for any part of the statute to be without meaning. The limiting phrase used in the statute is clearly intended to define what part of all non-taxable income should be added to gross income. The phrase in question must refer to those seven categories listed in Code Ann. § 92-3107 (b), which under the Georgia law need not be included in gross income. It should be noted that life insurance proceeds are the first item listed as specifically excluded under Code Ann. § 92-3107 (b). Regulation § 92-3109 (a) indicates the Commissioner has previously recognized that Code Ann. § 92-3109 (m) (3) (A) logically refers to Code Ann. § 92-3107 (b).

Since the instant corporate dividends are not exempt from gross income under the phraseology of Code Ann. § 92-3107 (b), they are not required to be added to gross income under Code Ann. § 92-3109 (m) (3). The trial judge erred in granting summary judgment for the Commissioner. Seaboard is entitled to a summary judgment in that the additional assessment against it is not owed under the law. However, in making this ruling we do not pass upon whether Seaboard is entitled to a refund.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 3, 1973 — DECIDED JUNE 8, 1973 —
REHEARING DENIED JULY 2, 1973 — 

*Troutman, Sanders, Lockerman & Ashmore, Arnold C. Moore, William H. Schroder, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellee.