## 50255. BANKSTON v. SMITH.

PANNELL, Presiding Judge.

Cary Bankston doing business as Bankston Lumber Company, appellant, brought an action to foreclose a materialman's lien against the property of Mrs. Augustus Lee Smith, appellee. The materialman offered proof that he had an agreement with the contractor employed by the appellee to deliver the materials necessary for construction of a dwelling on the property of the appellee. He offered direct proof of two deliveries of materials to the site composed of concrete blocks and other foundation materials. Various tickets were identified with a list of material thereon, all except one showing they were for the Smith job. One was unsigned, one was signed by Willie Hansford, four were signed Lee Smith, three were signed J. M. Smith and one Mrs. J. M. Smith. Mrs. Smith's first name was Frances and her husband was named Augustus Lee Smith. There was no evidence disclosing who J. M. Smith or Mrs. J. M. Smith might happen to be or who Willie Hansford might happen to be. There was no direct evidence that Lee Smith was the husband of the appellee. The appellant testified as to the method of the delivery of materials to the building site and the requirements as to the obtaining of signatures of some person on the premises. A judgment obtained against the contractor by the appellant upon a suit filed within 12 months of the delivery of the last materials was introduced into evidence. While there was no testimony identifying this judgment as being for the materials for which the lien is sought in the present case, the appellant did testify the only materials he sold to the contractor were those

furnished for the Smith job. The appellee testified as to payments made to the contractor which were slightly under the contract price. She offered no evidence that any of these payments were applied toward the payment of labor and materials on the job and testified that she did not secure an affidavit from the contractor that all bills for labor and material had been paid in full. The jury, after a charge by the court that if they found against the plaintiff they could find damages against the plaintiff in favor of the defendant, up to 20% of the amount sued for as expenses of litigation, found in favor of appellee with damages against the defendant in a stated sum. Bankston appealed enumerating error on charges of the court and the failure to charge and on the general verdict found. *Held:*

1. The trial judge charged the jury it was necessary that the lien claimant prove (1) delivery of the materials and, (2) the materials so delivered were used in the construction of the dwelling. This charge was a correct statement of the law as pronounced by the Supreme Court of Georgia in the case of *Burton v. Meinert & Miller,* 136 Ga. 420 (2) (71 SE 870) which held: "Proof by the plaintiffs that they furnished material to a contractor to be used in erecting a building on the premises of another, and that the contractor stated that it was so used, is insufficient to show, as against the owner of the premises, that such material was actually thus used; and the court erred in directing a verdict fixing a lien on such premises." In accord with this ruling by the Supreme Court is a decision of one division of this court in *Chambers v. Williams Bros. Lumber Co.,* 80 Ga. App. 38, 43 (55 SE 244) where it was stated: "In order to be entitled to recover against the defendant, it was necessary for him to show that the specific material of the value alleged was delivered on the property of Stadelman; that it was used by the other defendants in the construction of a house on the said premises; that within three months from the date the materials were so furnished he recorded his claim of lien, and that he commenced an action for the recovery of his claim within twelve months from the time the same became due." The contrary was ruled by one division of this court in the case of *Horne-Wilson, Inc. v. Smith,* 109

Ga. App. 676 (137 SE2d 356) where it was held (p. 678) that delivery of the materials "creates the presumption in absence of evidence to the contrary that the materials were received and used by the subcontractor in accordance with the purpose for which they were supplied," citing as authority *Ingalls Iron Works v. Standard Ins. Co.*, 107 Ga. App. 454, 459 (130 SE2d 606), *which was a case of an action on a construction bond.* Cases involving the foreclosure of a materialman's lien were discussed in Note 2 on Page 457 of that opinion. See also, *Bryant v. Ellenburg,* 106 Ga. App. 510 (127 SE2d 468) where the case was decided without having to deal with the above question, but in which were cited some cases in reference thereto in Note 1 on Page 512. We would prefer ruling to the contrary of the above Supreme Court decision and *Chambers v. Williams Bros. Lumber Co.,* 80 Ga. App. 38 (3), supra. See also, *United Bonding Ins. Co. v. Good-Wynn Electrical Supply Co.,* 124 Ga. App. 545 (184 SE2d 508). We think the better view is that upon proof of delivery of materials to the job site there is a presumption that the materials were used in the construction on such site and that this presumption should control until there be some evidence to the contrary, otherwise an intolerable and unconscionable burden is placed upon the lien claimant. However, we are bound by the above decision of the Supreme Court.

2. There was, accordingly, no error in refusing to direct a verdict for the plaintiff.

3. We know of no law in this state which authorizes the grant of damages up to 20% of the amount sued for in cases of this character, nor has any been cited. The judge erred in so charging and the verdict for such damages was unauthorized.

Paragraph 3 of Code § 67-2301 provides: "If any real property on which there is a lien be sold by any process from the courts, the purchaser shall obtain the full title, and the lien shall attach to the proceeds of the sale, upon notice by the party claiming the lien to the officer to hold the money for that purpose until the next session of the superior court." And paragraph 4 provides: "If the claim of lien shall be disputed by either plaintiff or defendant in the process or decree on which the money was raised, an

issue shall be ordered and tried as in other causes; and if it shall be determined against the claimant, he shall pay such damages, not exceeding 20 percent., as the jury may assess, with interest from the date of the notice to retain, and costs."

These paragraphs have no application to the original foreclosure of the lien against the owner but only to cases where the property has been sold, the lien transferred to the proceeds, and the lien claimant files his claim to the proceeds. See Code §§ 39-802, 39-903 and 39-906 as to damages in ordinary claim cases.

4. Where the owner introduces evidence of payment to the contractor of substantially all of the contract price, with the exception of a small amount for work not completed, and there was no evidence as to payment in full, it was not error to refuse a request to charge the jury that where the owner procures a sworn statement of the contractor that all bills for labor and material have been paid, the owner can prevail against the lien. The sworn statement contemplated by § 67-2001 (2) is a single statement made *after completion of the work* and before final settlement. *Mass. Bonding Co. v. Realty Trust Co.,* 142 Ga. 499 (83 SE 210); *Waldon v. Maryland Cas. Co.,* 155 Ga. 76, 81 (116 SE 828). While it would have been appropriate for the trial judge to have charged the jury it was the duty of the owner, if she desired to avoid a lien, to show that payments made to the contractor were used to pay for labor and materials used in construction, no exception was taken to this failure to do so. This was a charge which would have been applicable and appropriate and would have prevented the likelihood of the jury being misled into believing that payments to the contractor to the extent proved, prevented a lien.

5. We have carefully examined the other enumerations of error and the grounds of the motion for new trial and find no error therein.

6. The judgment is affirmed with costs against the appellee, with direction that the judgment in favor of the appellee against the appellant on the appellee's cross action be vacated and set aside.

*Judgment affirmed with direction. Quillian and Clark, JJ., concur.*

Submitted February 4, 1975 — Decided May 9, 1975 —
Rehearing denied May 28, 1975 —

*W. Franklin Freeman, Jr.,* for appellant.
*Harold G. Clarke,* for appellee.