## 50255. BANKSTON v. SMITH.

Pannell, Presiding Judge.

This case is on appeal by a supplier of materials to a contractor, who had a contract with the owner for the building of a dwelling, from a verdict and judgment in favor of the owner on the main action and the owner's counterclaim, against whom the materialman was seeking to foreclose his lien. This court affirmed the

judgment on the main action with direction as to the elimination of the owner's cross action. See *Bankston v. Smith,* 134 Ga. App. 882 (216 SE2d 634). In so doing, this court, in Division 1 of the opinion, held there was no proof the materials were used in the dwelling constructed on the premises of the owner, following a Supreme Court decision which we construed as so ruling. The Supreme Court, on certiorari, reversed that ruling, holding that upon proof of delivery there is a presumption, in the absence of proof to the contrary, that the materials were used in the structure. *Bankston v. Smith,* 236 Ga. 92 (222 SE2d 375). We now consider the case pursuant to that ruling.

1. The materialman's evidence as to proof of delivery consisted of delivery tickets signed by various people, except for delivery of some foundation material where the delivery was testified to by an employee who made the delivery. The tickets, dates and amounts and signatures thereon are as follows as to the materials sold to the contractor:

| Date | Amount | Signature |
|---|---|---|
| 11-11-71 | $ 71.31 | Direct testimony as to delivery. |
| 11-12-71 | 24.72 | Williford Hansford |
| 11-16-71 | 652.66 | Lee Smith |
| 11-16-71 | 923.01 | Mrs. J. M. Smith |
| 11-17-71 | 36.09 | Lee Smith |
| 11-17-71 | 604.44 | Lee Smith |
| 11-19-71 | 575.39 | Lee Smith |
| 11-20-71 | 517.62 | J. M. Smith |
| 12-7-71 | 313.60 | J. M. Smith |
| 12-23-71 | 124.24 | J. M. Smith |
| 12-27-71 | 96.31 | No signature, but shows for "Smith job" |

There were other tickets for credits and finance charges. The owner of the property and defendant in the case was Mrs. Augustus Lee Smith whose given name was Frances. All tickets showed "Smith job" or "A. L. Smith job," except the one signed "Williford Hansford," which merely showed the name of the contractor. The contractor had another job located about 10 miles from the one involved in the present case, but the materialman here was supplying materials only for the Smith job.

While this evidence did not demand a finding for the full amount claimed, it did demand a finding for some amount. (a) There was no error, therefore, in refusing to direct a verdict for the full amount claimed. (b) However, the evidence demanded a finding that some of the items claimed were delivered to the job. Under these circumstances, a verdict for the defendant was unauthorized.

2. There is no change in the other rulings in the prior opinion. However, in accordance with the above rulings, the judgment in the main action is now reversed. The judgment on the counterclaim by the defendant remains reversed.

*Judgment reversed. Quillian and Clark, JJ., concur.*

DECIDED MARCH 9, 1976.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Clarke, Haygood & Lynch, Harold G. Clarke,* for appellee.