## 53072. EASON PUBLICATIONS, INC. v. ATLANTA GAZETTE, INC.

MARSHALL, Judge.

The Atlanta Gazette, Inc., brought this libel action against Eason (a rival newspaper publisher) alleging the latter maliciously published false information to advertisers of the Gazette which would injure the standing and business reputation of the Gazette and expose it to ridicule in the business public and community, resulting in losses of advertising revenue in the amount of $5,000. Eason moved to dismiss the complaint on the ground that the plaintiff, Gazette, was a corporation and therefore could not be libeled or damaged with regard to its business reputation. The trial court denied the motion and certified the case for immediate review. We granted interlocutory appeal to determine the sole question of whether a corporation may be libeled, a question of first impression in this state. *Held:*

It is clear from the authorities cited below and from the case law of other states that, as a matter of common law, a corporation may maintain an action for libel where the publication adversely affects its business, property or credit. "It is equally well settled that the credit, property or business reputation of a corporation can be injured by a false publication of defamatory matter, written or oral, which tends to prejudice it in the conduct of its trade or business, or to deter third persons from dealing with it. Since a corporation has no reputation in the sense that an individual has, it is only with respect to its credit, property or business that a corporation can be injured by a false publication. In determining whether the business reputation of a corporation has been injured, the test is not different from that which would be applied in determining

whether an individual's business reputation has been defamed." Diplomat Electric, Inc. v. Westinghouse Electric Supply Co., 378 F2d 377, 381 (5th Cir., 1967). The same rule is stated in the Restatement, Torts, § 561 (1): "One who falsely, and without a privilege to do so, publishes of a corporation for profit matter which tends to prejudice it in the conduct of its trade or business or to deter third persons from dealing with it, is liable to the corporation under the conditions stated in § 558." See also Atlas Sewing Centers, Inc. v. National Assn., 260 F2d 803 (10th Cir., 1958); Golden North Airways v. Tanana Pub. Co., 218 F2d 612, 624 (9th Cir., 1954); Professional & Business Men's Life Ins. Co. v. Bankers Life Co., 163 FSupp. 274, 287 (D. C. D. Mont., 1958); Di Giorgio Fruit Corp. v. American Fed. of Labor, 30 Cal. Rptr. 350, 355; Daniels v. Sanitarium Assn., Inc., 30 Cal. Rptr. 828, 833; cf., Berkson v. Time, Inc., 187 NYS2d 849, 853. See generally, 52 ALR 1187; 50 AmJur2d 837, Libel and Slander, § 315; Prosser, Law of Torts, p. 762 (3d Ed.).

Whether the conduct here is libelous per se we do not decide because special damages are pleaded. See generally, Continental Nut Co. v. Robert L. Berner Co., 345 F2d 395 (7th Cir., 1965); Electric Furnace Corp. v. Deering Milliken Research Corp., 325 F2d 761 (3) (6th Cir., 1963); Maytag Co. v. Meadows Mfg. Co., 45 F2d 299 (7th Cir., 1930); Brayton v. Crowell-Collier Pub. Co., 205 F2d 644 (2d Cir., 1953); Axton Fisher Tobacco Co. v. Evening Post Co., 183 SW 269 (Ky., 1916).

This court held in *Holder Const. Co. v. Ed Smith & Sons,* 124 Ga. App. 89, 91 (182 SE2d 919): "While there is no Georgia authority directly in point, several cases from other states, which have basically the same common law definitions of libel as Georgia, have held that a corporation may be libeled with regard to its business reputation. See cases cited in 53 CJS 81, Libel and Slander, § 34; 50 AmJur2d 837, Libel and Slander, § 315." However, the court pretermitted express determination of this issue because another ground of defense disposed of the appeal. Nevertheless, the court did indicate, implicitly, approval of the law as embodied in the above citations.

Appellant concedes that the common law generally

recognized a cause of action by corporations for libel. However it contends that this common law rule is inapplicable in Georgia because the Georgia statute defining libel refers to "an individual" as being the only party which can be injured. Code § 105-701 provides: "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of *an individual,* and exposing him to public hatred, contempt or ridicule. The publication of the libelous matter is essential to recovery." (Emphasis supplied.)

Appellant argues that because the plaintiff under this Code section is defined as "an individual" vis-a-vis, a "person" (which would include a corporation, Code § 79-101), the legislative intent was to exclude corporations from having a cause of action under this Code section.

The trial judge rejected this contention, holding: "While there may be certain aspects of libel which are totally inappropriate to a corporate entity, the claim of loss herein is a claim of property damage, and the Court knows of no reason, in logic, why remedy should lie to an individual who has been libeled and be denied a corporation under like circumstance." We agree with that ruling and conclude that a corporation may bring an action for libel under Code § 105-701.

In a commendable effort to demonstrate the "uniqueness" of the Georgia libel statute, appellant's counsel surveyed sister state statutes on libel and found that most define the plaintiff in a libel action as a "person" or "one," hence the many court decisions granting corporations a cause of action for libel. Yet there are many other court decisions finding a corporate cause of action for libel without relying upon or referring to a state statute. See, e.g., Cosgrove Studio & Camera Shop, Inc. v. Pane, 182 A2d 751 (Pa. 1962); Axton Fisher Tobacco Co. v. Evening Post Co., supra; R. H. Bouligny, Inc. v. United Steelworkers of America, 154 SE2d 344, 352 (N. C. 1967); Diplomat Electric, Inc. v. Westinghouse Electric Supply Co., supra; Golden North Airways v. Tanana Pub. Co., supra.

We cannot say that the "plain meaning" of our statute calls for a different conclusion. The statute uses

the phrase "defamation *of another*" which could just as readily be the operative language as *"an individual"* insofar as defining the intended plaintiff. At least there is an ambiguity in this regard, and where an ambiguity exists the construction of the statute is in the hands of the court. See, e.g., *Moore v. Robinson,* 206 Ga. 27, 38 (55 SE2d 711). Of course, the cardinal rule in construing a statute is to seek the intention of the legislature. Code § 102-102 (9); *Thompson v. Eastern Air Lines,* 200 Ga. 216, 222 (39 SE2d 225). We do not believe the legislature intended to change the common law when it enacted Code § 105-701. "[W]here there is limitation by a statute which is capable of more than one construction, the statute must be given that construction which is consistent with the common law." *Mason v. Service Loan &c. Co.,* 128 Ga. App. 828, 832 (198 SE2d 391). We believe the legislature when it enacted Code § 105-701 (which first appears in the 1863 Code) intended Georgia's law of defamation to be consistent with that of the common law, which, as discussed above, permitted a corporation a cause of action for libel.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Argued November 3, 1976 — Decided January 28, 1977 — Rehearing denied February 18, 1977.

*John R. Myer,* for appellant.
*John F. Sweet,* for appellee.