## 33944. IRWIN v. BUSBEE et al.

Bowles, Justice.

Suit has been brought in this case by the appellant, a candidate for Governor, requesting that an injunction issue restraining the defendant, Governor George D. Busbee, from proceeding in his endeavor to succeed himself as Governor of the State of Georgia, and to further restrain the defendant, Ben W. Fortson, Jr., Secretary of State of the State of Georgia, from certifying to the probate judges of this state the name of George D. Busbee as a candidate to succeed himself as Governor of the state for an additional four-year term. Arthur K. Bolton, Attorney General, the State Election Board of Georgia, and the State Democratic Executive Committee were also named as defendants.

The State Democratic Committee separately and all other defendants collectively filed motions to dismiss the action pursuant to Rule 12 (b) (6) of the Georgia Civil Practice Act (Code Ann. § 81A-112 (b) (6)) on grounds that the plaintiff had failed to state a claim upon which relief could be granted. The trial court's order sustained defendants' motions and denied plaintiff's prayers for relief. Plaintiff now appeals from that order. We affirm.

The constitutional amendment involved, Art. V, Sec. I, Par. I, of the Constitution of the State of Georgia of 1976 (Code Ann. § 2-2701), provides: "The Governor serving on the effective date of this Constitution and future Governors shall be eligible to succeed themselves for one four-year term."

It is an elementary rule of construction that when the words of a statute are plain and unambiguous, and their meaning so obvious so as to eliminate any need for construction, it is the duty of the court to give expression to the obvious meaning of the General Assembly. *Stone Mtn. Memorial Assn. v. Herrington,* 225 Ga. 746 (171 SE2d 521) (1969); *Aldridge v. Federal Land Bank of Columbus,* 203 Ga. 285, 289 (46 SE2d 578) (1948); *New Amsterdam Cas. Co. v. McFarley,* 191 Ga. 334 (12 SE2d 355) (1940); *State Revenue Comm. v. Brandon,* 184 Ga. 225, 228 (190 SE 660) (1937); *Standard Oil Co. of Ky. v. State Revenue Comm.,* 179 Ga. 371 (176 SE 1) (1934). This

same rule of construction is applicable to constitutional provisions as well. *Henderson v. Maddox,* 227 Ga. 195 (179 SE2d 770) (1971); *Rayle Electric Membership Corp. v. Crook,* 195 Ga. 734 (25 SE2d 574) (1943); *Jones v. Darby,* 174 Ga. 71 (161 SE 835) (1931).

This court will take judicial notice of the identity of an incumbent holding public office in this state on a particular date. Code Ann. § 38-112; *Henson v. Airways Service,* 220 Ga. 44 (136 SE2d 747) (1964). Doing so, we conclude that George D. Busbee was the incumbent Governor of the state on January 1, 1977, which was the effective date of the constitutional amendment in question, and the effective date of the Constitution of the State of Georgia of 1976.

"Among the rights of citizens are . . . the right to hold office unless disqualified by the constitution and laws. . ." Code Ann. § 79-205. Further, Code Ann. § 89-101 (8) provides that, "All officers are eligible to reelection and reappointment and to hold other offices, unless expressly declared to the contrary by the constitution or laws."

The express language of Art. V, Sec. I, Par. I of the Constitution of the State of Georgia of 1976, and the general rights permitted to citizens of this state to hold office and to succeed themselves otherwise provided by law affords to George D. Busbee the incumbent Governor, the right to succeed himself. Appellant in his complaint has not attacked the constitutionality of the above-quoted provision of the Constitution, nor has he illustrated in any fashion that this provision of the Constitution was not duly passed by the legislature or duly ratified by the people of this state. Appellant has cited no authority to support his position and, therefore, we conclude that the complaint filed in the instant case failed to state a claim upon which relief can be granted. The trial court did not err in sustaining defendants' motions to dismiss.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1978 — DECIDED JULY 14, 1978.

Thomas J. Irwin, *pro se.*
*Arthur K. Bolton, Attorney General, Don A.*

*Langham, First Assistant Attorney General, Jones, Bird & Howell,* for appellee.