## 62366. BETTIS v. McCLURE.

SHULMAN, Presiding Judge.

Appellant supplied material to a contractor for the purpose of making improvements to appellee's property in Cobb County. When the contractor failed to pay for the material, appellant filed a lien in Cobb County against appellee's property. As Code Ann. § 67-2002 (3) requires of a materialman attempting to perfect a lien, appellant filed suit against the contractor within 12 months of the date on which payment for the material was due. That suit was filed in Coweta County, the county of residence of the contractor. Appellant did not, however, comply with the further requirement in that Code section that a notice of the suit against the contractor be filed in the county in which the land is located if the suit against the contractor is filed in any other county. After securing a judgment against the contractor, appellant filed suit in Cobb County seeking to foreclose the lien and to assert a contract action against appellee for the price of the material provided. The contract count was abandoned by appellant and the trial court granted summary judgment to appellee on the lien foreclosure. The basis for appellee's summary judgment motion was appellant's failure to file in Cobb County the required notice of the Coweta County litigation.

The trial court found this case to be controlled by this court's decision in *Hancor, Inc. v. Fleming Farms, Inc.,* 155 Ga. App. 579 (271 SE2d 712). We agree. There, as here, the supplier failed to file in the county wherein the property was located the notice of the commencement of the action against the contractor in another county. Here, as there, "plaintiff's failure to file notice of an action against the contract renders [his] claim of lien unenforceable. We hold, therefore, that the grant of summary judgment in favor of defendant was proper." Id., p. 581.

Appellant urges us to reconsider *Hancor, Inc.* in light of the Supreme Court's opinion in *J. H. Morris Bldg. Supplies v. Brown,* 245 Ga. 178 (264 SE2d 9). The very same argument in support of which appellant has cited *J. H. Morris Bldg. Supplies,* that technical defects in lien proceedings may affect the validity of the notice afforded by the lien but not the effectiveness of the lien itself, was disposed of adversely to appellant in our recent decision in *Statham Machinery & Equip. Co. v. Howard Const. Co.,* 160 Ga. App. 466, post. *Statham Machinery & Equip. Co.* is in no way distinguishable from the present case.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 4, 1981 —

REHEARING DENIED NOVEMBER 18, 1981 — 

*Charles W. Field,* for appellant.
*Frank J. Klosik, Jr., Robert P. Hein,* for appellee.