## 66811. AMAFRA ENTERPRISES, INC. v. ALL-STEEL BUILDINGS, INC.

BANKE, Judge.

This appeal follows the entry of a directed verdict in favor of the appellee subcontractor in a suit to foreclose a materialman's lien upon certain real property owned by the appellant.

The appellant contracted with William Klouda on April 22, 1980, for the construction of a roller skating facility on property it owned in Cobb County. On the same date, Klouda subcontracted with the appellee for the erection of a "pre-engineered" steel structure on the property. On December 4, 1980, Klouda executed an affidavit stating that he had received $448,566.15 of the $510,000 contract price, leaving an outstanding balance of $61,433.85. He further averred that he had performed all work required under the contract "to the date hereof" and that all the laborers, materialmen and suppliers he had employed had been fully paid.

On December 15, 1980, the appellee completed its work under the subcontract, and on March 6, 1981, filed a claim of lien on the property. On June 29, 1981, it filed suit against Klouda in the State Court of DeKalb County to recover approximately $22,000 allegedly

remaining to be paid under the subcontract, and it obtained a consent judgment in that suit on October 12, 1981. The appellee brought this action against the appellant to foreclose the materialman's lien on October 29, 1981, in the State Court of Cobb County, and, on the same date, filed in the Superior Court of Cobb County a notice of the DeKalb suit against Klouda. In this appeal, the appellant contends (1) that the notice of the DeKalb action was invalid because it was not filed simultaneously with the initiation of that action and (2) that the lien was dissolved in any event by the affidavit which Klouda executed on December 12, 1980, stating that all subcontractors had been paid. *Held:*

1. Under current law, the notice of the subcontractor's suit against the contractor to recover the claim on which the lien is based must be filed at the same time the suit is filed. See OCGA § 44-14-361.1 (a) (3) (Code Ann. § 67-2001.1) (formerly OCGA § 44-14-362 (3)). However, this statute was not enacted until April 7, 1981 (see Ga. L. 1981, pp. 846-848), and consequently, by operation of former Code Ann. § 102-111 (now codified as OCGA § 1-3-4), it did not become effective until July 1, 1981. The statute in effect on June 29, 1981, when the suit against Klouda was filed, was instead Ga. L. 1977, pp. 675-679 (former Code Ann. § 67-2002 (3)), which required merely that the notice of suit be filed within 12 months of the time the claim for materials and labor became due. It follows that the appellee filed its notice of suit in a timely manner. We reject the appellant's contention that such an interpretation renders the former statute meaningless in a situation such as the one before us now, wherein the subcontractor's suit against the contractor had already been concluded by the time the notice was given. The evident purpose of the statutory provision in question was not so much to provide the landowner notice of the pendency of the suit as to provide potential purchasers of the property such constructive notice as would enable them to determine whether the claim of lien, which would exist for only 12 months absent the filing of a suit to collect the underlying indebtedness within that period, was or was not still extant.

2. Under former Code Ann. § 67-2001 (2), which was in effect during the time period in question, a subcontractor's lien could be dissolved where the owner produced "the sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, or such services furnished or rendered, that the agreed price or reasonable value thereof has been paid . . ."[1]

---

[1] Virtually the identical language was carried over into the Official Code of Georgia in 1981. See former OCGA § 44-14-361 (b). However, the provision was substantially altered by Ga. L. 1983, p. 1450 § 1 (OCGA § 44-14-361.2 (Code Ann. § 67-2001.2)).

However, such a statement was effective to dissolve subsequent liens only when issued *after* completion of all the work. See *Mass. Bonding & Ins. Co. v. Realty Trust Co.,* 142 Ga. 499 (2), 503-504 (83 SE 210) (1914); *Bankston v. Smith,* 134 Ga. App. 882 (4) (216 SE2d 634) (1975), rev'd on other grounds, 236 Ga. 92 (222 SE2d 375) (1976). "Under this construction, if the owner of the premises [paid] the contractor by installments before completion of the work, he [did] so at the peril of showing that it was properly applied in discharge of debts for material furnished or work done in the construction of the improvement." *Mass. Bonding & Ins. Co. v. Realty Trust Co.,* supra, at 504.

Although Klouda's affidavit stated that all claims for labor and material had been paid, it appears to have been executed before all the work on the project was completed, and it was clearly executed before Klouda received full payment of the contract price. It follows that the trial court was correct in concluding as a matter of law that the affidavit was insufficient to defeat the appellee's claim of lien.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 3, 1984.

*William T. Pickren, Virginia R. Harper, David A. Dodd,* for appellant.

*Edward E. Carter, James C. Watkins,* for appellee.