67651. AMERICAN HOSPITAL SUPPLY CORPORATION
v. STARLINE MANUFACTURING CORPORATION.

McMURRAY, Chief Judge.

This case is before this court on interlocutory appeal from an order denying a motion to dismiss and for summary judgment. It involves an action to foreclose a mechanic's and materialman's lien. Plaintiff had filed the claim of lien in the county where the property was located. However, venue of the foreclosure suit is Fulton County wherein the foreign corporate defendant maintains its registered office.

The claim of lien was filed on or about September 14, 1981, in the Clerk's Office of Baldwin Superior Court. Thereafter, within 12 months (November 17, 1981), suit was filed against the contractor, Atlantic Systems, Inc., in Fulton County to recover the amount owed the plaintiff for the equipment it provided and services it rendered.

On or about December 3, 1981, the plaintiff filed its notice of suit in the county (Baldwin) where the property was located and the claim of lien was filed. Thereafter, final judgment was obtained against the defendant (dated October 5, 1982, filed for record October 6, 1982).

Suit was then filed against the corporate owner on April 4, 1983, seeking a special lien in the amount of its judgment obtained against

the contractor. *Held*:

1. The defendant contends the time of filing of the suit in Fulton County (November 17, 1981) and the filing of the notice of that suit as required by law (filed December 3, 1981) in Baldwin County was an unreasonable delay in that the language of OCGA § 44-14-362 (now OCGA § 44-14-361.1, as amended in Ga. L. 1983, pp. 1450, 1453, formerly Code Ann. § 67-2002, as amended) requires that the notice should have been filed "at the time of filing such action," that this statute is in derogation of the common law and must be strictly construed, and same being plain and unambiguous the latter portion of subsection (3) of OCGA § 44-14-362 states clearly that the failure to file the notice described in this paragraph "within the time required shall extinguish the subject claim of lien and render the same unenforceable." The trial court did not agree, nor does the majority of this court.

The statute in question sets forth a time limit in that the commencement of the action to recover the amount of the claim must be commenced "within 12 months from the time the same shall become due." It then sets forth that in addition "at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed." It then continues with certain information to be included in the notice executed under oath and setting forth the county wherein the action is brought, the style and number of the action, including the names of all parties thereto and the date of filing of the action as well as the book and page number of the records of the county wherein the subject lien is recorded. It is quite clear that the notice cannot be filed instanter at the time the suit is filed since the information necessary to be included in the notice with reference to the suit must be in the notice. Further, as in the case sub judice, if the suit is in one county and the notice and lien have been filed in another county, it creates a complete impossibility to file the notice at the exact time of filing such action because the information from the filing of the suit must be included in that notice.

Originally former Code Ann. § 67-2002 (3), as amended (Ga. L. 1941, p. 345; 1952, pp. 291, 292; 1953, pp. 582, 584, 585; 1956, pp. 185, 188, 189; 1956, pp. 562, 566-568; 1960, pp. 103, 104; 1968, pp. 317, 318) did not provide for the filing of the notice of the suit. But in Georgia Laws 1977, pp. 675, 677, the notice was to be filed "then also within such 12 months' period," and failure to bring such action and file the notice "within the time required shall extinguish the subject lien," i.e., "12 months' period." However, in Georgia Laws 1981, pp. 846, 847, an amendment to former Code Ann. § 67-2002, the forerunner of OCGA § 44-14-362 (later amended and designated OCGA § 44-14-361.1, supra, which deletes this language), the provision "then also

within such 12 months' period," as to when the notice was required to be filed, was changed to provide that such notice be filed "at the time of filing such action." The language in the statute which would render the lien unenforceable reads as follows: "Failure to bring action and to file the notice described in this paragraph within the time required shall extinguish the subject claim of lien and render the same unenforceable." The only time mentioned in the statute in effect in 1981 is the commencement of an action "within 12 months" and while it also refers to the notice being filed at the time of filing such action the sentence does not use the expression "times" as being two separate times but only "within the time required." We construe this to mean a reasonable time for the filing of the notice after the suit has been filed. Certainly, the period November 17, 1981, to December 3, 1981, a period of 16 days, with reference to giving the notice to bona fide purchasers of the property subject to the lien is not unreasonable so as to render the claim unenforceable. Further, we are not dealing with a bona fide purchaser here but the owner of the property who seeks to have the lien extinguished by reason of this language. See in this connection *Amafra Enterprises v. All-Steel Bldgs.*, 169 Ga. App. 388, 389 (1) (313 SE2d 110).

If the statute is ambiguous it is necessary for the trial court in the present case to construe it, and by the trial court's interpretation to give it the meaning which the legislature intended for it to have. See *Moore v. Robinson*, 206 Ga. 27, 39 (5) (55 SE2d 711); *Eason Publications v. Atlanta Gazette*, 141 Ga. App. 321, 324 (233 SE2d 232). The cardinal rule of construction of a statute is to construe it to seek the intention of the legislature. See OCGA § 1-3-1 (a); *Thompson v. Eastern Air Lines*, 200 Ga. 216, 222 (39 SE2d 225). This is not a case in which the meaning of the statute is so plain and unambiguous as to eliminate the need for judicial construction. The statute is explicit in its requirement that notice of the suit be filed "at the time of filing such action." However, it is ambiguous in its requirement that the lien be extinguished and rendered unenforceable when the party claiming the lien "[fails] to bring action and to file . . . notice . . . within the time required," if it be held to mean instantaneous with the filing of the suit. This ambiguity results from the legislature's changing the time (other than 12 months) within which the notice must be filed before the lien is rendered unenforceable. "Where there is any doubt or conflict within the statute the paramount rule of construction is that the court must ascertain the legislative intent. [Cit.]" *Seaboard Coast Line R. Co. v. Blackmon*, 129 Ga. App. 342, 344 (199 SE2d 581). In the case sub judice, as there is an apparent conflict as to the meaning of the statute, it is our duty to make its language consistent, if possible. Even then the one which best conforms to the legislative intent must stand. See *Bd. of Trustees of Policemen's Pen-*

*sion Fund v. Christy*, 246 Ga. 553, 554-555 (272 SE2d 288). Accordingly, the trial court did not err in denying the defendant's combined motion to dismiss and motion for summary judgment.

2. At this point in time defendant's other attack is that the certificate of the Secretary of State and other affidavits show plaintiff's claim of lien was barred by the Nonresident Contractor's statute. See OCGA §§ 48-13-30, 48-13-31, 48-13-37.

Genuine issues of material fact remain for determination as to whether the plaintiff was required to register, being a foreign supplier of equipment to be installed by others, or whether it also installed same in any wise so as to be liable to and subject to the above statute. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442); *Giant Peanut Co. v. Carolina Chemicals*, 129 Ga. App. 718 (1) (200 SE2d 918); *Keheley v. Benham*, 155 Ga. App. 59, 60 (270 SE2d 285).

*Judgment affirmed. Deen, P. J., Quillian, P. J., Banke, P. J., Pope and Benham, JJ., concur. Carley, J., concurs in the judgment only. Birdsong and Sognier, JJ. dissent.*

DECIDED JULY 11, 1984 —
REHEARING DENIED JULY 30, 1984 — ▆▆▆▆▆▆▆

*Thomas C. Harney, Charles M. Dalziel, Jr.*, for appellant.
*F. T. Davis, Jr., Robert D. Burton, Caryn R. May*, for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent.

OCGA § 44-14-362, the predecessor of the current OCGA § 44-14-361.1, and the statute in effect at the time appellee brought its action against the contractor, provided in pertinent part as follows: "To make good the liens specified in Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and *on failure of any of them the lien shall not be effective*: . . . (3) The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. In addition, *at the time of filing such action*, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed. . . . *Failure to bring action and to file the notice described in this paragraph within the time required shall extinguish the subject claim of lien and render the same unenforceable*. . . ." (Emphasis supplied.) See Ga. L. 1981, pp. 846, 847.

We find no ambiguity in the statute, which is explicit that notice is to be filed "at the time of filing such action. . . ." "It is an elementary rule of construction that when the words of a statute are plain and unambiguous, and their meaning so obvious so as to eliminate any need for construction, it is the duty of the court to give expres-

sion to the obvious meaning of the General Assembly. [Cits.]" *Irwin v. Busbee*, 241 Ga. 567 (247 SE2d 103) (1978). See *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981); *Seaboard Coast Line R. Co. v. Blackmon*, 129 Ga. App. 342, 344 (199 SE2d 581) (1973). We are therefore bound to follow the express language of the statute.

The language of the statute is phrased in unequivocal terms: "[O]n failure of any [of the statute's provisions] the lien shall not be effective: . . . (3) . . . Failure to bring action and to file the notice . . . within the time required shall extinguish the subject claim of lien and render the same unenforceable. . . ." OCGA § 44-14-362. Repetition within the statute of the provision that the lien shall be ineffective if all statutory conditions are not met further demonstrates its mandatory nature. "This mandatory language leaves no doubt that the General Assembly placed strong significance upon compelling [compliance with *all* requirements as preconditions to the effectiveness of the lien.]" *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230, 232 (274 SE2d 623) (1980).

"[I]nasmuch as our lien laws and procedures are in derogation of the common law, they must be construed strictly against the creditor and in favor of the debtor. [Cit.]" *Brockett Road Apts. v. Ga.-Pacific Corp.*, 138 Ga. App. 198, 199 (225 SE2d 771) (1976). See *Kwilecki v. Young*, 180 Ga. 602 (180 SE 137) (1935). " 'If there are degrees of strict construction, certainly an act of the General Assembly which has for its purpose the giving of a lien upon property of one in favor of the creditor of another should be dealt with according to the strictest rules of strict construction.' " *Cowart v. Reeves*, 80 Ga. App. 161, 164 (55 SE2d 911) (1949).

Appellee's failure to comply with the notice of suit provisions of the statute rendered its lien ineffective and unenforceable. See *Statham Machinery &c. Co. v. Howard Constr. Co.*, 160 Ga. App. 466 (287 SE2d 249) (1981); *Bettis v. McClure*, 160 Ga. App. 412 (287 SE2d 291) (1981); *Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579 (271 SE2d 712) (1980).

I would reverse.

I am authorized to state that Judge Birdsong joins in this dissent.