75161, 75162. FORD MOTOR COMPANY et al. v. NOLAND COMPANY; and vice versa.

(368 SE2d 763)

McMurray, Presiding Judge.

Plaintiff Noland Company filed this action to foreclose a materialman's lien on the property of defendant Ford Motor Company. The lien in question arose from a contract between defendant Ford Motor Company and Barge/Arconic, a Joint Venture ("Barge") for the construction of certain improvements at an automobile assembly plant. Barge entered into a sub-contract for the furnishing of labor and materials with Huffman-Wolfe Company. Huffman-Wolfe Company issued a purchase order to plaintiff who delivered, pursuant thereto, goods and materials which have not been paid for, of an alleged value of $13,181.16.

Plaintiff's claim became due on June 14, 1984. Huffman-Wolfe Company filed a voluntary bankruptcy petition on August 6, 1984, therefore, under the provisions of OCGA § 44-14-361.1 (a) (4), plaintiff was relieved of the necessity of filing an action or obtaining judgment against the sub-contractor to whom the materials were furnished. On September 13, 1984, plaintiff filed its lien in the amount of $11,832.47 against the property of defendant Ford Motor Company.

Plaintiff filed the instant action on June 3, 1985, in the State Court of Fulton County and on August 8, 1985, filed a notice of the pendency of this action with the Clerk of the Superior Court of Fulton County.

Plaintiff Noland Company and defendant Ford Motor Company filed motions for summary judgment. The state court denied defendant's motion for summary judgment and partially granted the plaintiff's motion for summary judgment, awarding plaintiff $11,832.27, the amount stated in its claim of lien. The state court's judgment added Barge and St. Paul Fire and Marine Insurance Company, as defendants, because a bond to dissolve the lien had been filed with the Clerk of the Superior Court of Fulton County on January 6, 1986, with these parties as principal and surety thereon.

Defendants appealed (Case No. 75161) and plaintiff cross-appealed (Case No. 75162) from the state court's order partially granting plaintiff's motion for summary judgment and denying the motion for summary judgment of defendant Ford Motor Company. In Case No. 75161 defendants contend that the state court erred in partially granting plaintiff's motion for summary judgment and denying defendant Ford Motor Company's motion for summary judgment be-

cause plaintiff failed to comply with OCGA § 44-14-361.1 (a) in that the statute requires that notice of an action to perfect and foreclose a lien must be filed within a reasonable period of time. In Case No. 75162 plaintiff contends the state court erred in limiting its recovery to the amount set forth in the claim of lien. *Held*:

OCGA § 44-14-361.1 (a) provides in part that: "To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . . (3) The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. In addition, *at the time of filing such action*, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed . . ." (Emphasis supplied.)

In *American Hosp. &c. Corp. v. Starline Mfg. Corp.*, 171 Ga. App. 790 (320 SE2d 857), we construed OCGA § 44-14-361.1 (a) (3) (at that time OCGA § 44-14-362) as requiring that the notice of a pending action to foreclose a mechanic's or materialman's lien must be filed within a reasonable time. Based in part on this decision, the state court concluded that in the case sub judice the notice was filed within a reasonable time.

In reaching its conclusion as to reasonableness, the state court also considered the nature of the property and whether it was offered for sale. Thus, the state court's decision is based in part on the fact that the property at issue was an automobile assembly plant which the state court viewed as being less likely to be sold.

We reject the state court's supposition that the determination of reasonableness be predicated on the nature of the property involved. Instead, the determination of a reasonable time for filing the notice required under OCGA § 44-14-361.1 (a) (3) should be based primarily upon the nature of that task. Therefore, the determination of a reasonable time for filing the notice should be predicated on the *process* of acquiring the information which must be included in the notice, preparation of the notice, and transporting the notice to the clerk of the superior court in which the property is located.

In *American Hosp. &c. Corp. v. Starline Mfg. Corp.*, 171 Ga. App. 790, supra, we approved of a period of 16 days. In the case sub judice, 66 days elapsed from the time of filing of this action until notice thereof was filed. In view of the simple nature of the task involved and the public interest in "[providing] potential purchasers of the property such constructive notice as would enable them to determine whether the claim of lien, which would exist for only 12 months absent the filing of a suit to collect the underlying indebtedness within that period, was or was not still extant," (*Amafra Enterprises*

*v. All-Steel Bldgs.*, 169 Ga. App. 388, 389 (1) (313 SE2d 110)) we hold as a matter of law that the notice of the instant action was not filed within a reasonable time.

In reaching our holding, we reject plaintiff's contention that OCGA § 44-14-361.1 (a) (3) is not applicable to actions, such as the case sub judice, to enforce the lien directly against the property in an action against the owner thereof pursuant to OCGA § 44-14-361.1 (a) (4). None of the cases cited by plaintiff supports its position and all of the provisions of OCGA § 44-14-361.1 (a) are explicitly applicable to the liens specified in paragraphs (1) through (8) of subsection (a) of OCGA § 44-14-361.

In conclusion, we hold that the state court erred in denying the motion for summary judgment of defendant Ford Motor Company and in partially granting plaintiff's motion for summary judgment. The issues raised in the cross-appeal are moot due to our decision on the main appeal.

*Judgment reversed in Case No. 75161. Case No. 75162 dismissed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment because when the lienor sued, it did not file the statutory notice "at the time of filing such action," as expressly and clearly required by OCGA § 44-14-361.1 (a) (3). I would agree with the dissent in *American Hosp. &c. Corp. v. Starline Mfg. Corp.*, 171 Ga. App. 790 (320 SE2d 857) (1984).

The legislature obviously did not mean the notice had to be filed at the same instant as the claim was filed, since the lienor would have to first ascertain the number given to the action by the clerk, as well as the date of filing if it was mailed rather than hand-delivered. All other information would be or could be determined in advance. Thus the only elasticity which might be imported into the legislature's mandate would be mailing time, such as the legislature has provided for with respect to action to be taken after service. OCGA § 9-11-6 (a) and (e). The legislature recognizes in that section of the Civil Practice Act that legal filings are often accomplished by mail, so it accommodates this common practice by allowing a three-day period to be added to specifically prescribed periods.

This case illustrates the wisdom of the legislature in setting a clear and easily calculable, objective requirement, rather than providing for a subjective "reasonable time" standard which would invite litigation. The court's import of "a reasonable time" into the statute carries with it the allowance and need for the trial court to exercise its discretion, considering all the circumstances of a particular case. This renders the statutory lien law uncertain, subject to varying applications and, as here, differences in judicial opinion: the trial judge

reasoned that two months was not unreasonable under the circumstances, and this court disagrees "as a matter of law."

The purpose of the materialman's lien law is to assure prompt payment to furnishers of labor and material which improves real property. *Gignilliat v. West Lumber Co.*, 80 Ga. App. 652, 653 (1) (56 SE2d 841) (1949). It is not meant to tie up real property, however. We contribute to the latter when we create a litigable issue of procedural compliance in every instance where the notice of commencement of the action to enforce the lien is not filed "at the time of filing such action," promptly, without delay, posthaste.

Here the lien was filed in September 1984. It has taken three and-a-half years to achieve finality as to whether a straightforward, common materialman's lien is enforceable, and but for the bond which was bought to free the real property from the lien, it would have been subject to this encumbrance through this long period. Over a year has passed since the defense of the notice delay was pressed by Ford's filing of affirmative defenses, and significant amounts of judicial resources have been brought to bear on the question. This surely was not the intention of the legislature, when our constitution sets a requirement "for the speedy, efficient, and inexpensive resolution of disputes . . ." Ga. Const. 1983, Art. VI, Sec. IX, Par. I.

DECIDED MARCH 17, 1988 —
REHEARING DENIED MARCH 28, 1988 — 

*S. Gregory Joy, George A. Smith*, for appellants.
*John Tye Ferguson*, for appellee.