## A91A1192. ABACUS, INC. v. HEBRON BAPTIST CHURCH, INC.
(411 SE2d 113)

ANDREWS, Judge.

Abacus, Inc., brought this action against Hebron Baptist Church, Inc., to foreclose its materialman's lien against the church's real property. Abacus appeals from the trial court's order granting judgment on the pleadings to the church.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. [OCGA § 9-11-12 (c)]. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts so admitted, the moving party is clearly entitled to judgment." (Punctuation and citations omitted.) *Christner v. Eason,* 146 Ga. App. 139-140 (245 SE2d 489) (1978).

Under this standard, the pleadings establish that Abacus's claim for construction materials sold to the contractor, and used to improve the church's property, became due on August 22, 1988. Abacus filed its claim of lien on November 10, 1988, in Gwinnett County where the improved property is located. On August 15, 1989, within 12 months of the date the claim became due, Abacus brought suit against the contractor in Cobb County to perfect the lien. Pursuant to OCGA § 44-14-361.1, on August 30, 1989, Abacus filed notice of the suit in Gwinnett County.

In granting judgment on the pleadings, the trial court found that the lien could not be foreclosed against the church because the notice of suit was not timely filed under OCGA § 44-14-361.1.[1] See *Frank Woods Constr. Co. v. Randi,* 177 Ga. App. 438 (339 SE2d 406) (1986) (failure to timely file notice of suit renders lien unenforceable). The trial court ruled that filing the required notice in Gwinnett County 15 days after suit was required to be filed in Cobb County would have been timely. *American Hosp. Supply Corp. v. Starline Mfg. Corp.,* 171 Ga. App. 790 (320 SE2d 857) (16-day delay between filing of suit and notice found reasonable and timely under former OCGA § 44-14-361.1, as amended by Ga. L. 1983, pp. 846, 847). The court reasoned, however, that the present notice was untimely under the statute because it was filed eight days after the 12-month period for filing suit had expired, whereas in *Starline* the 16-day delay was within the 12-month period.

---

[1] This statute has been amended several times in recent years, including an amendment which took effect on July 1, 1991. The version of the statute applicable in the present case is OCGA § 44-14-361.1, as amended by Ga. L. 1989, p. 438 (effective July 1, 1989).

The statute does not explicitly address this point, so we must construe the 1989 version applicable here to determine the legislature's intent under these circumstances. *State of Ga. v. Jackson*, 197 Ga. App. 619, 620 (399 SE2d 88) (1990). Under the version of the statute applicable in *Starline* and in the present case, the notice of suit was required to be filed "at the time of filing" the suit to recover the amount due on the lien, which suit had to be filed within 12 months of the time the claim became due. However, subsequent to *Starline*, the legislature deleted language in OCGA § 44-14-361.1 (a) (3) regarding filing of the suit and notice which provided that: "Failure to bring action and to file the notice described in this paragraph *within the time required* shall extinguish the subject claim of lien and render the same unenforceable." (Emphasis supplied.) The 1989 version of the statute contains no similar language directly linking enforceability to filing the suit and notice *within the time required*, and provides with respect to enforceability only that the lien "must be created and declared in accordance with the [provisions of the statute], and on failure of any of them the lien shall not be effective or enforceable." Subsequent to the filing of the suit to collect the amount due in this action, the legislature again amended OCGA § 44-14-361.1 (Ga. L. 1991, p. 639, effective July 1, 1991) to provide that "within 14 days after filing [an action for recovery of the amount of the claimed lien], the party claiming the lien shall file notice with the clerk of the superior court of the county wherein the subject lien was filed." The suit to collect the amount claimed due must still be filed within the same 12-month period under the 1991 amendment.

By the 1991 amendment, the legislature explicitly recognized what was construed as implicit in the former statute in *Starline*; that because of the impossibility of filing the required notice in one county at the exact time suit is required to be filed in another, the statutory requirements are fulfilled by filing the notice within a reasonable time after the suit has been filed. *Starline*, supra at 792. The legislature has now established that, as long as the suit is filed within 12 months of the time the claim became due, the notice may be timely filed within 14 days thereafter.

In light of the above legislative evolution, we find that under the 1989 statute applicable here the legislature intended that Abacus file notice of suit within a reasonable time after the suit was timely filed, and that 15 days was a reasonable time. Accord *Starline*, supra. We further find that such notice was timely although filed eight days beyond the 12-month period for commencing the action. Accordingly, the trial court erred by finding the notice of suit was not timely filed, and by granting judgment on the pleadings to the church.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Webb, Carlock, Copeland, Semler & Stair, R. Michael Ethridge, Rachelson & Associates, Ira L. Rachelson,* for appellant.

*Webb, Tanner & Powell, Anthony O. L. Powell, Andrew R. Mertz,* for appellee.